The appellant, John L. Cashin, Jr., was indicted on September 24, 1981, by the Madison County Grand Jury on six counts of theft of property in the first degree in violation of § 13A-8-3
Code of Alabama (1975). Appellant was arraigned on April 12, 1982, at which time the State moved to amend the charges to theft in the second degree. Represented by his retained counsel, Mr. Henry Mims, appellant consented to said amendment. Appellant, with retained counsel, made known to the trial court that he wanted to plead guilty to two counts of the indictment. Thereupon the State dismissed the other four counts. Before accepting the guilty plea, the trial court asked the appellant a series of questions to determine if he understood his rights accorded him under Boykin v. Alabama, 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274 (1974). After determining that the appellant was acting knowingly and voluntarily, the court accepted the pleas of guilty. Sentencing was delayed to a later hearing.
At the sentencing hearing held on June 11, 1982, appellant was no longer represented by the Honorable Mr. Mims and had retained current counsel, David L. Thomas. At this hearing appellant submitted a plan for probation in which he was to serve as a dentist for the City of Triana and its surrounding area in lieu of a prison sentence. In support of his plan, appellant presented numerous witnesses who testified as to their relationships with the appellant. After appellant concluded his plea for probation, the court asked the State if it had anything it wished to say. Mr. Jerry Barclay, the Assistant District Attorney, who represented the State at the sentencing hearing, testified as follows:
 "MR. BARCLAY: Your Honor, if I may very briefly, I certainly cannot hope to match the eloquence of Mr. Thomas. I would like to just state that my understanding of the law and the procedures of the State Dentistry Board is such that a conviction of a crime of moral turpitude, such as has been had in this case, would act to revoke the dental license of Dr. Cashin; and, if that is indeed true, then the proposed method here with the Triana Rural Health Service would not be a viable alternative to penitentiary imprisonment.
"Other than that, no, we have no comments.
 "THE COURT: Does the State have a recommendation it wishes to make regarding sentence?
 "MR. BARCLAY: Yes, Your Honor. The State recommends a sentence of six years in each case to run concurrently."
After studying each side's recommendation, the court sentenced appellant to a term of six years on each count, such terms to run concurrently. After a brief recess, appellant then moved to withdraw his guilty plea on the basis that the plea negotiations had not been kept by the District Attorney's Office. That motion was taken under advisement.
A hearing was held on appellant's motion to withdraw his guilty plea on June 17, 1982. The Honorable Henry Mims, appellant's counsel at the time the guilty plea was entered, testified that the State had agreed to reduce the charges from theft in the first degree to theft in the second degree on two counts and nolle prosequi the other four counts. He stated that the State agreed to recommend two concurrent six-year terms and would allow the appellant to apply for probation. Mr. Mims did not remember the State taking a position on probation.
Mr. Larry Morgan, the Assistant District Attorney, who represented the State at appellant's arraignment, testified that the State had agreed to drop four of the six *Page 181 
charges against appellant if he pleaded guilty to the second degree theft charges. He also testified that the State had agreed not to oppose or recommend probation.
Mr. Jerry Barclay testified that he understood the State agreed to recommend two six-year terms to run concurrently and to take no position on probation.
After hearing this testimony, the trial court then denied appellant's motion to withdraw his guilty plea.
Appellant contends that the trial court erred in denying the motion to withdraw his guilty plea since the State failed to comply with the plea bargain which was the basis of the guilty plea. Appellant relies on Santobello v. New York, 404 U.S. 257,92 S.Ct. 495, 30 L.Ed.2d 427 (1971) which held that where a guilty plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. Although this is a correct statement of the law in Alabama, the record shows that the District Attorney did not stray from his promise, and, in fact, complied with the agreement made with the appellant. Griggs v. State,405 So.2d 49 (Ala.Cr.App. 1981).
Mr. Henry Mims, appellant's attorney at the time the guilty plea was entered, testified that the State agreed to: (1) nolle prosequi four of the six counts against appellant; (2) recommend a six-year sentence for each of the two remaining charges; (3) allow the two sentences to run concurrently; and (4) allow the defense to apply for probation. Mr. Larry Morgan and Mr. Jerry Barclay, the Assistant District Attorneys prosecuting the case, agreed with Mr. Mims' explanation of the agreement. The only part of this agreement that is at issue on this appeal is the position taken by the State on probation.
When Mr. Mims was asked about the issue of probation, the following exchange took place:
 "MR. MIMS: If my memory serves me correctly, I was of the opinion that the State would let me put my case on without saying whether they were going to stand mute or opposed. Normally, I would consider an opposal to be witnesses adverse to the right to probation. If my memory serves me correctly, Mr. Morgan never indicated that he was going to stand mute and not — he did never indicate that he was going to put witnesses on in opposition to probation.
 "MR. THOMAS: Did he say anything to you with regard to probation, `I'm opposed to it' or `I will not oppose it'?
 "MR. MIMS: He would stand back and let me make my attempt for the probation.
 "MR. THOMAS: He would stand back and let you make an attempt. Did he say, `I will not oppose probation?'
"MR. MIMS: I don't recall, Mr. Thomas."
Mr. Larry Morgan, when asked about the probation issue, testified as follows:
 "The agreement was that he would plead guilty and we would sit back and not oppose, not recommend, or anything. It would be left entirely up to the court, the issue of probation."
Mr. Jerry Barclay, the Assistant District Attorney who represented the State at the sentencing hearing, testified that Mr. Morgan had informed him of the plea bargain agreement made with the appellant. When asked what Mr. Morgan had told him, Mr. Barclay said:
 "He indicated that the recommendation of the State, if I were called on to make a recommendation, would be for a sentence of six years in each of the two theft felony cases, that we would recommend that those cases run concurrently, or not oppose a motion that they run concurrently, and that we were to take no position on the question of probation."
Mr. Barclay's remarks at appellant's sentencing hearing concerning the feasibility of his plan for practicing dentistry in Triana were not made in opposition to probation, but were simply questioning the feasibility of the plan. Mr. Barclay was not attempting to influence the trial court against probation, but was trying to determine if the proposed plan was workable. *Page 182 
Mr. Barclay's testimony at hearing on the motion to withdraw the guilty plea illustrates this point. Testimony between appellant's counsel and the Assistant District Attorney was as follows:
 "MR. THOMAS: All right. And then did you, in representing the State, in fact speak against probation of Dr. Cashin at that hearing?
"MR. BARCLAY: No, sir, I don't recall that I did.
 "MR. THOMAS: Do you recall, Mr. Barclay, after I made a presentation of witnesses and spoke on behalf of his probation, that you stood and spoke in opposition of the probation of Dr. Cashin?
 "MR. BARCLAY: No, sir, I don't believe I ever stated a position of the State of Alabama in opposition to probation.
. . . .
 "MR. BARCLAY: As I recall, you offered testimony to the effect that Dr. Cashin would hope to go to work in Triana for a dental service there, and I questioned, or I called to the Court's attention the possibility that Dr. Cashin might, in fact, lose his dental license, but I did not state a position on probation.
 "MR. THOMAS: Did you not state in response to the Court's offer for the State to speak in response to our offer that he be placed on probation and put in a position of doing dental work in Triana that you felt that he might not be able to do that because his dental license would likely be revoked due to his conviction?
 "MR. BARCLAY: Yes, sir. I said that I saw that as a possibility. I did not state a position as to probation. I merely stated that, if the Court were going to base probation upon his continued practice of dentistry, I would question of whether or not he would be entitled under Alabama law to practice dentistry.
"MR. THOMAS: All right.
 "MR. BARCLAY: But I did not state an opinion as to the question of probation.
 "MR. THOMAS: Are you saying that you didn't make any remarks on that day at the probation hearing that might be construed as in opposition of probation?
 "MR. BARCLAY: Mr. Thomas, perhaps you construed them that way; I did not, and I did not intend the Court to construe them that way.
 "MR. THOMAS: Did you intend to construe them to be in favor of probation?
 "MR. BARCLAY: I did not construe them or intend for them to be construed as taking any position on the question of probation. I merely believe that, since the Court had this serious question to consider, it was the Court's duty to hear all the facts and consider all the possibilities in the case, and I would not want the Court to rule on the question of probation on the erroneous assumption that Dr. Cashin could practice dentistry, if that were an erroneous assumption."
As this testimony reflects, Mr. Barclay was merely commenting on whether the proposed plan for probation would be able to be put into effect. This was the only remark made by the prosecution concerning appellant's application for probation, and no witnesses were presented by the State to show that appellant should not receive probation. The prosecution did not breach the plea bargain agreement, and, therefore, the trial court was correct in denying appellant's motion to withdraw his guilty plea.
Appellant also contends that the trial court erred in denying his motion to withdraw his guilty plea since the record was inadequate to show that he had voluntarily pleaded guilty. In a plea of guilty proceeding the judge should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea, and the judge should be satisfied that there is a factual basis for the plea. Dingler v. State, 408 So.2d 527
(Ala.Cr.App. 1980). In Twyman v. State, 293 Ala. 75,300 So.2d 124 (1974), the Alabama Supreme Court held a guilty plea to be intelligently and voluntarily entered where the same type form as executed herein (the Ireland form) is executed and signed by a defendant and acknowledged by the signatures of the defense counsel and circuit *Page 183 
judge, provided there is other evidence in the record supporting that fact.
The colloquy contained in the transcript of proceedings discloses that the trial court determined to its satisfaction that appellant's attorney had explained all of appellant's rights to him and that appellant understood them even though in its inquiry to appellant the trial court touched on only some of the rights listed on the Ireland form. The colloquy between the court and appellant, as shown by the record or transcript of the proceedings before the court at appellant's arraignment, was as follows:
 "THE COURT: Basically, what I want to know is, having read Court's Exhibit A (Ireland form) and discussing it with your attorney, do you understand that you do have the right to enter a plea of not guilty?
"THE DEFENDANT: Yes, sir, I do.
 "THE COURT: And that if you enter this plea of not guilty, you will be accorded the right to a trial by jury of twelve of your peers and also be entitled to all of the other constitutional rights?
"THE DEFENDANT: Yes, sir, I do.
 "THE COURT: Do you also understand that by entering a plea of guilty, if I accept that plea, you will be waiving all of the constitutional rights that are described on this document?
"THE DEFENDANT: Yes, I do understand that.
 "THE COURT: Now, as I previously explained to you, but I want to make sure that you do understand, theft of property in the second degree is a Class C felony; and that means that upon a plea of guilty to that charge, the range of punishment is not less than one year and one day nor more than ten years.
"THE DEFENDANT: Yes, sir, I understand that.
 "THE COURT: It also could entail a fine of up to $5,000. Do you understand that?
"THE DEFENDANT: Yes, sir, I understand that.
. . . .
 "THE COURT: Do you understand that if you plead guilty, and if the district attorney here has a recommendation to make regarding the sentence to be imposed, that I'm not bound to follow that recommendation?
 "THE DEFENDANT: Yes, I do understand that, Your Honor.
 "THE COURT: Do you understand that I could impose a greater sentence or a lighter sentence?
"THE DEFENDANT: Yes, I do.
 "THE COURT: With that understanding, do you still want to plead guilty?
"THE DEFENDANT: Yes, sir."
The record clearly shows that appellant's plea of guilty was knowingly, voluntarily, intelligently and understandingly entered. There was a sufficient factual basis for the trial court to decide the plea was validly entered as evidenced by the court's determination that appellant's attorney had explained the rights in the Ireland form and that appellant understood the constitutional rights he was waiving by pleading guilty.
Appellant further contends that the trial court erred in denying him an opportunity to be heard at the hearing on his motion to withdraw his guilty plea. Appellant relies on the Declaration of Rights of Alabama, Article I, § 6 which provides, "That in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either."
The original said motion was based entirely on appellant's contention that the plea agreement had not been followed by the State, but, when the hearing commenced, appellant's counsel amended the motion to add any other matters which might merit withdrawal of the guilty plea. Appellant asserts that such other matters would include whether the guilty plea was knowingly and voluntarily entered. Boykin v. Alabama, supra.
At the close of the hearing the appellant sought to take the stand in his own behalf. There was some confusion as to whether appellant's proffered testimony was solely *Page 184 
for the purpose of resolving a problem concerning his attorney-client privilege or whether his testimony could have been about the guilty plea and whether it was entered knowingly and voluntarily.
The issue of the attorney-client privilege was made clear when the trial judge stated:
 "THE COURT: As far as I'm concerned, the status of Mr. Mims in this case as to whether he is still formally or not retained by Dr. Cashin is not relevant because Dr. Cashin waived any attorney-client relationship he had with Mr. Mims and stated for the record that he desired him to testify regarding these matters."
Since the court had made a determination that his issue was irrelevant, it was not error to deny appellant the opportunity to testify.
The issue concerning whether appellant's proffered testimony could have been about the guilty plea and whether it was knowingly and voluntarily entered was made clear when the trial judge stated:
 "THE COURT: And I believe that the record will reflect that, at the time that Dr. Cashin's guilty pleas were entered, I asked him whether he understood that, if he plead guilty, and if the district attorney had any recommendation to make regarding the sentence to be imposed, I was not bound to follow the district attorney's recommendation to make regarding the sentence to be imposed, I was not bound to follow the district attorney's recommendation, whatever that might be. And I also believe the record would reflect that I asked him whether he understood that I could impose a greater or a lighter sentence than that recommended by the district attorney.
 "The record should reflect that he answered affirmatively to both those questions, and that he stated he still wished to enter a plea of guilty, and that he stated to me that he entered his plea of guilty because he was in fact guilty and for no other reason. And that being the case, the motion to withdraw the pleas of guilty, based on the evidence we've heard today, is overruled . . ."
Appellant testified at his arraignment to the voluntariness of his guilty plea, and was represented by retained counsel at his hearing on the motion to withdraw his guilty plea. Adequate opportunity was afforded appellant to be heard on the voluntariness of his guilty plea, and, hence, there was no violation of appellant's constitutional rights. Nowhere in the record does it affirmatively appear that there has been an abuse of discretion resulting in an infringement upon the constitutional rights of the accused.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.