Appellant pleaded guilty to the theft of property in the second degree and was sentenced to ten years in the penitentiary. This appeal involves the sufficiency of that guilty plea.
To facilitate the discussion of the issues raised on appeal, the entire colloquy between the trial judge and Atteberry, as well as the judgment entry, will be set forth:
Colloquy between Court and Defendant
 "THE COURT: Mr. Atteberry, you understand that you are here to enter a plea of guilty to the charge of Theft of Property in the 2nd Degree in accordance with the terms of the agreement between the District Attorney and your attorney?
"MR. ATTEBERRY: Yes, your Honor.
 "THE COURT: All right. I have to make a finding that you are knowingly and voluntarily entering your plea. Do you have any problems with that?
"MR. ATTEBERRY: No, sir.
 "THE COURT: Has anyone made any threats, given you any inducements or offered you any hopes of reward in order to get you to enter this plea or are you doing this of your own free will?
 "MR. ATTEBERRY: No, sir. I want to say that I deserve the ten years to run concurrently with Iowa sentence.
 "THE COURT: All right. Then I'll make a finding that you are knowingly and voluntarily entering your plea of guilt to the charge of Theft of Property in the 2nd Degree, you are accordingly adjudged to be guilty and as punishment for this offense, you are sentenced to the penitentiary of Alabama for 10 years; this sentence to run concurrently with the sentence presently being served in the State of Iowa and it is ordered that you be transferred to the authorities in Cherokee County for disposition of the pending charges.
"(Whereupon the proceedings concluded this date.)"
Judgment Entry
 "On this the 16th day of May, 1983, comes the State of Alabama by its District Attorney, Honorable Michael L. Murphy, also comes the defendant, Donald Lee Silver alias Rickey B. Atteberry, in his own person and with his attorney, Honorable L. Scott Atkins, and the defendant being advised of his constitutional rights and being duly arraigned upon an indictment charging the offense of Theft of Property, 2nd Degree, for his plea thereto says he is guilty.
 "The Court, therefore, adjudges the defendant, Donald Lee Silver, alias Rickey B. Atteberry, guilty of Theft of Property 2nd Degree as charged in the indictment. The defendant being present in open Court with his attorney, Honorable L. Scott Atkins, and being asked by the *Page 427 
Court if he has anything to say why the judgment and sentence of the law should not be pronounced upon him, says nothing.
 "It is, therefore, considered by the Court, and it is the judgment and sentence of the Court that the defendant Donald Lee Silver, alias Rickey B. Atteberry, be sentenced to the Penitentiary of Alabama for ten years, concurrent with sentence presently being served in the State of Iowa.
 "/s/ Edgar P. Russell, Jr.
Circuit Judge
Atteberry first argues that the record discloses no factual basis for the plea as required by Clark v. State, 294 Ala. 485,318 So.2d 805 (1974). The finding of a factual basis must be grounded upon some indication in the record that the accused actually committed acts that would justify a conviction based upon his guilty plea. Clark, 318 So.2d at 808.
It is clear that the accused does not personally have to state facts which would show that he committed the offense if other information is before the trial judge from which he can make that determination. Young v. State, 408 So.2d 199
(Ala.Cr.App. 1981). That "other information" may include facts contained in a pre-sentence investigation report (Young, supra), confessions (Sanders v. State, 414 So.2d 482
(Ala.Cr.App. 1982)), and the D.A.'s assertions of what he expects the evidence to show (Yamada v. State, 426 So.2d 906
(Ala. 1982)). In fact, when the offense is simple and specific, the rule requiring the determination of a factual basis may be satisfied by a reading of the charge. Morris v. State,424 So.2d 1380 (Ala.Cr.App. 1982); Young, supra.
There does, however, have to be some factual basis developed on the record. Yamada, supra. In the instant case, there is no finding of a factual basis during the colloquy between judge and defendant, no confession, no pre-sentence report, and no assertions by the district attorney. Additionally, there is no indication that the indictment was read to Atteberry. Although the judgment entry states that Atteberry was "duly arraigned" upon an indictment, that alone does not establish a factual basis for the plea.
The courts of this state have held that the reading of an indictment will suffice when the charge is simple and specific. The phrase "duly arraigned" does not indicate whether the indictment was read or the reading waived. Moreover, it is the better practice that, even when a mere reading of the indictment is sufficient, the reading should occur at the time of the guilty plea proceeding. See Cashin v. State,428 So.2d 179, 182 (Ala.Cr.App. 1982), wherein the court said, "In a plea of guilty proceeding the judge should undertake a factual inquiry to determine if the plea is voluntarily made . . . and that there is a factual basis for the plea." [Emphasis added.] The case of Rogers v. State, 332 So.2d 165 (Ala.Cr.App. 1976), is more to the point. There the court said, "[T]he indictment was never read to defendant at the time of the plea, nor does it appear that defendant was informed of the contents of the indictment. . . . [The] trial judge . . . fails . . . the mandates of Boykin for . . . the Court did not read or cause the indictment to be read to defendant. . . ." 332 So.2d at 166, 167. [Emphasis added.]
In the case of Walcott v. State, 48 Ala. App. 754,263 So.2d 177 (1971), the judgment of conviction recited that the defendant had been "duly arraigned" but, as here, there was no affirmative showing that the plea was knowingly and intelligently made. A mere showing that an accused has been "duly arraigned" will not supply the factual basis for a plea which, in turn, is an indicator of whether a plea is knowingly and intelligently made. If it were otherwise, Boykin v.Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), would not have been necessary. In that case, as here, the accused had been arraigned but the court said, "It was error . . . to accept petitioner's guilty plea without an affirmative
showing that it was intelligent and voluntary. . . . Presuming waiver [of constitutional rights] from a silent record is *Page 428 
impermissible." Boykin, 395 U.S. at 242, 89 S.Ct. at 1711. [Emphasis added.]
For the foregoing reasons, the cause must be reversed and remanded.
Atteberry also complains that he was not informed of the nature of the offense charged against him. Although we have remanded, it seems appropriate that we comment on this argument.
The case of Marshall v. Lonberger, 459 U.S. 422,103 S.Ct. 843, 74 L.Ed.2d 646 (1983), relying on Henderson v. Morgan,426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), held that ordinarily it can be assumed that defense counsel has explained the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. The court then applied the Henderson standard to the facts of the case before it. The relevant facts were as follows:
(a) There was a colloquy that was arguably sufficient in and of itself to apprise the defendant of the nature of the charge;
(b) There was a stipulation during the colloquy by defense counsel that the indictment was sufficient both in law and fact to sustain the charges contained therein; and
(c) There was a conviction statement which recited that the defendant had been duly advised of the consequences of pleading guilty. The court held that the application of Henderson to these facts led to the conclusion that the plea was voluntary.
In the case of Russell v. State, 428 So.2d 131 (Ala. 1982), the court said the defendant must be fully informed of all the elements of the offense. The court went on to say:
 "We are of the opinion that he was aware of the elements. . . . Although defendant waived a reading of the indictment, he is nonetheless charged with knowledge of its contents. Further, the defendant executed an `Ireland' form which indicated, `my lawyer has explained to me the elements of this crime and the punishment therefor and I understand them.' Finally the judgment specifically states that the trial court had ascertained that the defendant was aware of the nature of the crime charged in the indictment. Thus, we cannot say that defendant was unaware of the elements of the offense. . . ." 428 So.2d at 135.
Additionally, in Russell, there was also a colloquy that arguably informed defendant of the nature of the offense.
In the case sub judice, the colloquy is inadequate for any purpose; there is no stipulation by the defense attorney; the "Ireland" form contained no reference to the elements or nature of the offense; and the judgment entry likewise contains no reference to the nature of the offense or to Atteberry understanding his constitutional rights. Under these circumstances we hold that this case falls outside the scope ofMarshall, supra, and Russell, supra.
As was the case when establishing a factual basis, we do not feel that either the United States Supreme Court or the Alabama Supreme Court ever intended for their opinions to indicate that a mere arraignment would satisfy the requirements of Boykin. It should be kept in mind that in Henderson, supra, the case on which the State ultimately grounds its argument, the Supreme Court reversed a conviction based on a guilty plea even though there had been a reading of the indictment in open court and an extensive colloquy. The failure to inform the accused of the nature of the charge against him becomes, then, a second ground for reversal.
This cause is reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur. *Page 429