Appellant, Terry Alexander, was indicted for theft in the second degree and receiving stolen property in the second degree by a two-count indictment returned in June 1985. On August 8, 1985, appellant, with counsel present, appeared before the court, waived reading of the indictment, and pleaded not guilty. Trial was set for September 30, 1985. On the date of trial, appellant, with counsel present, moved for withdrawal of his not guilty plea and for entry of a guilty plea. The trial court granted the request and a guilty plea was entered. Appellant was subsequently sentenced to one year and one day in the state penitentiary on his plea of guilty.
One issue is raised by appellant. He contends that there is no factual basis in the record to support the convictions for theft of property in the second degree and receiving stolen property in the second degree.
In a guilty plea proceeding, the trial judge should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and of the consequences of the plea. The trial judge should also be satisfied that there is a factual basis for the plea. Clark v.State, 294 Ala. 485, 318 So.2d 805 (1974); Twyman v. State,293 Ala. 75, 300 So.2d 124 (1974); Atteberry v. State,448 So.2d 425 (Ala.Cr.App. 1983), cert. denied, 448 So.2d 425 (Ala. 1984); Cashin v. State, 428 So.2d 179 (Ala.Cr.App. 1982);Dingler v. State, 408 So.2d 527 (Ala.Cr.App.), writ quashed,408 So.2d 530 (Ala. 1981); Fields v. State, 339 So.2d 1088
(Ala.Cr.App. 1976); Ireland v. State, 47 Ala. App. 65,250 So.2d 602 (1971).
In Clark v. State, supra, our Supreme Court stated:
 "In a plea of guilty proceedings the judge should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea. Further, the judge should be satisfied that there is a factual basis for the plea. See Fed. Rule Crim.Proc., Rule 11; ABA Standards for Criminal Justice, Standards Relating to Pleas of Guilty, Secs. 1.3-1.8, at 22-36." 294 Ala. at 488, 318 So.2d 805
(emphasis added).
In Young v. State, 408 So.2d 199 (Ala.Cr.App. 1981), an opinion by Presiding Judge Bowen, this court, in referring to the above quotation from Clark, further stated:
 "This is in accordance with the admonition contained in footnote 7 of Boykin v. Alabama, 395 U.S. 238, 425, 89 S.Ct. 1709, 1713, 23 L.Ed.2d 274 (1969), that the `trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands . . . the acts sufficient to constitute the offenses for which he is charged.'
 "Rule 11 of F.R.C.P. establishes the procedures that federal courts must follow to ensure that a plea of guilty is *Page 43 
voluntary. Before a federal judge can enter judgment, Rule 11 (f) requires the judge to determine on the record that a factual basis for the plea exists. Willett v. Georgia, 608 F.2d 538 (5th Cir. 1979). However, Rule 11 procedures are not constitutionally mandated. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).
 "Although Rule 11 does not apply to state proceedings, due process requires state courts to assure that guilty pleas are made voluntarily and intelligently. Boykin, supra."
The record in the instant case contains an Ireland form signed by the trial judge, appellant, and counsel. Ireland v.State, 47 Ala. App. at 67, 250 So.2d at 604. An extensive colloquy was conducted between appellant and the trial court, which appears in the record. Neither the Ireland form nor the colloquy sets out the specific elements of the crimes charged in the indictment. Appellant did not personally state facts which would show his commission of the offense charged. TheIreland form, however, does advise him of the crimes charged and states: "You will enter a plea of guilty only if you are actually guilty of said crime. . . ." The Ireland form correctly sets out the maximum and minimum sentences which appellant could receive. It also, inter alia, advises appellant, in accordance with Boykin v. Alabama, 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), of his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers. Appellant's signature attests that his attorney "has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them." The defense attorney's signature attests that appellant read his rights contained in the Ireland form, that the defense attorney read them to appellant and explained them to him in detail, and that appellant was given a copy of them to keep and study. In the colloquy, the trial judge again advised appellant of the crimes charged in the indictment, the maximum and minimum sentences, and his rights pursuant to Boykin v.Alabama, supra. The trial judge further advised appellant that he should enter a guilty plea only if he was guilty of the crimes charged in the indictment. Appellant stated that his attorney had "gone over" the Ireland form with him and that he understood it.
Appellant primarily relies on Atteberry v. State, supra. This court held in Atteberry that "when the offense is simple and specific, the rule requiring the determination of a factual basis may be satisfied by a reading of the charge." (CitingMorris v. State, 424 So.2d 1380 (Ala.Cr.App. 1982)).
In Count I of the indictment appellant was charged with knowingly obtaining or exerting unauthorized control over a chain saw belonging to Steve Sherrell of the value of $150 with the intent to deprive the owner of the property, in violation of § 13A-8-4, Code of Alabama 1975. In Count II he was charged with intentionally receiving, retaining, or disposing of a stolen chain saw which was the property of Steve Sherrell of the value of $150 knowing that it was stolen or having reasonable grounds to believe that it was stolen and not having the intent to restore it to its owner, in violation of §13A-8-18, Code of Alabama 1975. The counts of the indictment clearly set forth the elements of the alleged offenses and the facts constituting the basis of the allegations. The offenses alleged are self-explanatory and so simple in meaning that it can be expected or assumed that a lay person would understand them. In the instant case, the rule requiring the determination of a factual basis would have been clearly satisfied by a reading of the charges. The record shows that when appellant was originally arraigned, he waived a reading of the indictment and entered a plea of not guilty. The instant case differs fromAtteberry in that the record in Atteberry showed not only that the indictment was not read to him, but that he did not waive the reading of it.
A defendant may properly waive arraignment, Johnson v. State,453 So.2d 1323 (Ala.Cr.App. 1984), or waive the reading of the indictment at arraignment. Russell *Page 44 v. State, 428 So.2d 131 (Ala. 1982). When a defendant waives the reading of an indictment at his arraignment, he is nonetheless charged with knowledge of its contents. Russell v.State, supra; Atteberry v. State, supra; 22 C.J.S. Criminal Law
§ 411 (5) (1961). We believe that when appellant, while represented by counsel, who was present, waived the reading of the indictment and entered a plea of not guilty at his arraignment, he was chargeable with knowledge of the contents of the indictment, which would fully inform him of the elements contained in the charges and of the factual basis for them. The waiver of the reading of the indictment by appellant with representation of counsel was tantamount to the indictment having been read at arraignment in open court.
We note that Atteberry, 448 So.2d at 427, states that "it is the better practice that, even when a mere reading of the indictment is sufficient, the reading should occur at the time of the guilty plea proceeding." (Emphasis added.) Although this may be the better practice, we do not believe that it is absolutely required. If appellant can be charged with knowledge of the contents of the indictment at one phase of the proceedings, it is logical that he should retain this knowledge in subsequent phases of the proceedings.
Appellant was represented by the same counsel at arraignment, at the guilty plea proceeding, and on appeal. Appellant makes no contention that his attorney did not review with him or inform him of the elements of the crimes charged, nor does he contend that he was unaware of the elements or that he was ignorant of the factual allegations in the indictment. SeeHenderson v. Morgan, 426 U.S. 637, 647, 96 S.Ct. 2253, 2258,49 L.Ed.2d 108 (1976) (wherein the Court recognized that "it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit"). The record shows that appellant admitted his guilt. He waived the reading of the indictment at arraignment and is charged with the knowledge of the contents thereof. The trial court had before it the Ireland form and the colloquy referred to above. Considering the entire record in this case, we believe that the trial court had sufficient facts from which it could conclude that appellant understood the nature of the charges against him and that he was knowingly and voluntarily pleading guilty to the crimes charged in the indictment.
Based on the foregoing, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
TYSON and TAYLOR, JJ., concur.
BOWEN, J., dissents.
McMILLAN, J., joins in the dissent.