PATTERSON, Judge.
The appellant, David Mantoz, alias, was indicted by a two-count indictment for the offense of trafficking in cannabis, as proscribed by § 20-2-80(1), Code of Alabama 1975, and possession of marijuana, as proscribed by § 20-2-70(a). Mantoz entered a plea of guilty to the trafficking offense and was sentenced to a term of ten years’ imprisonment and was fined $25,000.
On appeal, Mantoz contends that the trial court erred in accepting his plea because the record does not contain any factual basis upon which the court could properly accept a plea of guilty.
A review of the record reveals an “Ireland” [1] form signed by Mantoz, the trial judge, and defense counsel. That document informed Mantoz that he was charged with the offense of trafficking in cannabis and stated: “You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury *121 trial.” In signing the form, Mantoz adopted the following declaration:
“Comes the defendant ... and states to the court that he has read, or has had read to him, the matters and things here-inabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them .... Defendant further states to the court that he is guilty as charged, in this case, and desires to plead guilty.”
During the colloquy, after the court ascertained that Mantoz desired to enter a plea of guilty to the trafficking charge, the court inquired, “You are pleading guilty because you are guilty and for no other reason?” Mantoz answered affirmatively. However, neither the “Ireland” form nor the trial court during the colloquy informed Mantoz of the specific elements of the offense of trafficking.
We find this cause to be governed by the opinion in Alexander v. State, 488 So.2d 41 (Ala.Cr.App.1986), for the instant facts are virtually identical to those of Alexander. There, as in this case, the defendant, at arraignment, waived a reading of the indictment and entered a plea of not guilty. (See corrected minute entry.)
“When a defendant waives the reading of an indictment at his arraignment, he is nonetheless charged with knowledge of its contents. Russell v. State, [428 So.2d 131 (Ala.1982) ]; Atteberry v. State, [448 So.2d 425 (Ala.Cr.App.1983), cert. denied, 448 So.2d 425 (Ala.1984) ]; 22 C.J.S. Criminal Law § 411(5) (1961). We believe that when appellant, while Represented by counsel, who was present, waived the reading of the indictment and entered a plea of not guilty at his arraignment, he was chargeable with knowledge of the contents of the indictment, which would fully inform him of the elements contained in the charges and of the factual basis for them. The waiver of the reading of the indictment by appellant with representation of counsel was tantamount to the indictment having been read at arraignment in open court.
“We note that Atteberry, 448 So.2d at 427, states that ‘it is the better practice that, even when a mere reading of the indictment is sufficient, the reading should occur at the time of the guilty plea proceeding.’ (Emphasis added [in Alexander ].) Although this may be the better practice, we do not believe that it is absolutely required. If appellant can be charged with knowledge of the contents of the indictment at one phase of the proceedings, it is logical that he should retain his knowledge in subsequent phases of the proceedings.”
488 So.2d at 44.
In the case before us, the indictment clearly sets forth the elements of the trafficking offense. Moreover, the offense is “self-explanatory and so simple in meaning that it can be expected or assumed that a lay person would understand [it].” Id. at 43. Thus, we find applicable the principle that “when the offense is simple and specific, the rule requiring the determination of a factual basis may be satisfied by a reading of the charge.” Id. (quoting Atteberry, 448 So.2d at 427) (emphasis in Atteberry). Therefore, considering the entire record in this case, we find that the trial court had sufficient facts before it from which it could conclude that Mantoz understood the nature of the charge against him and that, upon this understanding, a factual basis was presented. We further find that Mantoz voluntarily and knowingly entered his plea of guilty.
Accordingly, this cause is affirmed.
AFFIRMED.
All Judges concur.

. Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971).