On August 11, 1989, Bobbie Ann Bowens was indicted for the murder of Eric King in violation of § 13A-6-2, Code of Alabama
(1975). At her arraignment on September 8, 1989, Bowens, with counsel present, pleaded not guilty and requested consideration as a youthful offender. On November 29, the trial court, after investigation, denied Bowens's request for youthful offender status. Bowens, with counsel present, then moved for withdrawal of her not guilty plea and for entry of a guilty plea. The trial court granted the motion, and she entered a guilty plea. Bowens was then sentenced to a term of 20 years' imprisonment, fined $25.00, and ordered to make restitution in the amount of $2,000.00.
On January 26, 1990, Bowens's original defense counsel filed a motion to set aside her guilty plea. The motion was heard and denied. Bowens then obtained a second court appointed attorney, who filed another motion to set aside her guilty plea. This motion was dismissed without a hearing. A third attorney represents Bowens on appeal and raises two issues on her behalf.
 I.
Bowens contends that the trial court erred in accepting her plea because, she says, the record does not contain any factual basis upon which the court could properly accept a plea of guilty.
"In a guilty plea proceeding the judge should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea, and the judge should be satisfied that there is a factual basis for the plea." Cashin v. State,428 So.2d 179, 182 (Ala.Cr.App. 1982). "In fact, when the offense is simple and specific, the rule requiring the determination of a factual basis may be satisfied by a reading
of the charge." Atteberry v. State, 448 So.2d 425, 427
(Ala.Cr.App. 1983) (emphasis in original).
In Alexander v. State, 488 So.2d 41, 44 (Ala.Cr.App. 1986), this court held that when a mere reading of the indictment is sufficient to determine the factual basis for the plea, it is not absolutely required that the reading occur at the time of the guilty plea proceeding. In Alexander, the defendant waived a reading of the indictment at arraignment but was nevertheless charged with knowledge of its contents sufficient to *Page 846 
determine the factual basis for the guilty plea. Id.
In the case at bar, the indictment clearly set forth the elements of the offense of murder, and it was read to Bowens at the time of her arraignment. The record contains anIreland form signed by Bowens, the trial judge, and Bowens's original defense counsel. See Ireland v. State, 47 Ala. App. 65,250 So.2d 602 (1971). That form informed Bowens that she was charged with the felony offense of murder, and it stated: "You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial." In signing the form, Bowens adopted the following declaration:
 "Comes the defendant in the above-styled cause and states to the court that he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threaten or abused or offered any inducement or reward to get him to plea guilty. Defendant further states to the court that he is guilty as charged, in this case, and desires to plead guilty."
Bowens's counsel on appeal contends that because Bowens has a learning disability, "it is seriously doubted that she understood the Ireland form." Although Bowens's original defense counsel informed the court during its explanation of the Youthful Offender Act that Bowens had a learning disability which "made it difficult for her to understand and appreciate everything about the law in this matter," he repeatedly stated to the court that she was not incompetent. The court, moreover, conducted a painstaking examination of Bowens during the colloquy to determine whether she understood the Ireland form and the elements and facts of the offense with which she was charged:
 "THE COURT: For the record, are you Bobbie Ann Bowens?
"THE DEFENDANT: Yes.
 "THE COURT: Under Case Number CC-89-3224, your attorney, Mr. Driskill, has read to you and explained to you all of your constitutional rights as shown by this form marked 'Court's Exhibit A,' is that correct?
"THE DEFENDANT: Yes.
 "THE COURT: And do you understand each and every right to which you are entitled?
"THE DEFENDANT: Yes.
"THE COURT: And did you sign this form?
"THE DEFENDANT: Yes.
 "THE COURT: Did you sign it voluntarily, knowing exactly now, what you've signed?
"THE DEFENDANT: Yes.
 "THE COURT: You also know that contained and embraced within the form is the charge of murder.
"THE DEFENDANT: Yes.
 "THE COURT: The elements and facts of that offense are substantially contained in the indictment that was read to you at the time of your arraignment; is that correct?
"THE DEFENDANT: Yes.
 "THE COURT: And did Mr. Driskill go over with you and explain to you each and every element and fact of that offense to you?
"THE DEFENDANT: Yes.
 "THE COURT: Do you understand that on a plea of guilty or a conviction for the offense of the crime of murder, the range of punishment is by imprisonment in the penitentiary for not less than 10 years to 99 years, nor more than life?
"THE DEFENDANT: Yes.
 "THE COURT: But if a deadly weapon, such as a knife, were used, then the minimum punishment is enhanced by statute to be not less than 20 years to 99 years, nor more than life. Do you understand that?
"THE DEFENDANT: Yes.
 "THE COURT: And in the indictment, and as part of the facts, it is mentioned that a knife, which is a deadly weapon, was used. *Page 847 
"THE DEFENDANT: Yes.
 "THE COURT: And in addition to that, the Court, by law, must assess a fine under the Alabama Crime Victims' Compensation Act in the amount of not less than $25.00 nor more than $10,000.00. Do you understand that?
"THE DEFENDANT: Yes.
 "THE COURT: Mr. Driskill, when you read to the defendant and explained to her all of her constitutional rights as shown by Court's Exhibit A, and the elements and facts of the offense with which she is charged, did she, in your opinion, understand everything?
"MR. DRISKILL: Yes, sir, she did.
 "THE COURT: Bobbie Ann Bowens, under Case Number CC-89-3224, you were charged with the offense of murder, to which you had entered a plea of not guilty. Do you wish to withdraw or take back your plea of not guilty?
"THE DEFENDANT: I plead guilty.
 "THE COURT: Then, are you taking back the first plea of not guilty?
"THE DEFENDANT: Yes.
 "THE COURT: You're now charged with the offense of murder, in violation of § 13A-6-2, of the Alabama Criminal Code. How do you plead?
"THE DEFENDANT: Guilty.
 "THE COURT: And are you pleading guilty because you, in fact, are guilty?
"THE DEFENDANT: Yes.
 "THE COURT: Do you understand that once having entered a plea of guilty, all that's left for the court to do is impose sentence?
"THE DEFENDANT: Yes."
Based upon the record on appeal, which contains no evidence of the nature or extent of Bowens's learning disability, we cannot find that Bowens did not understand the Ireland form or the elements and facts of the offense with which she was charged. During the colloquy, Bowens answered in the affirmative (1) that her attorney explained to her all of her constitutional rights shown on the Ireland form and that she understood all of those rights; (2) that she signed the Ireland
form voluntarily; (3) that her attorney explained to her each and every element and fact of the offense of murder and that she understood all of those elements and facts; and (4) that she knew that the indictment stated that a knife was the deadly weapon used to commit the murder with which she was charged.
During the colloquy, Bowens's original defense counsel stated to the court that in his opinion Bowens understood all of her constitutional rights as shown on the Ireland form and all of the elements and facts of the offense with which she was charged.
The record shows that Bowens admitted her guilt. The indictment was read to Bowens at arraignment. The trial court had before it the Ireland form and the detailed colloquy referred to above. Considering the entire record in this case, we find that the trial court had sufficient facts from which it could conclude that Bowens understood the nature of the charge against her and that she was knowingly and voluntarily pleading guilty to the crime charged in the indictment.
 II.
Bowens contends that she was denied effective assistance of counsel at the time she entered her guilty plea. The issue of defense counsel's competence was not raised below in either motion to set aside Bowens's guilty plea and therefore has not been preserved for review at this time. Dossey v. State,489 So.2d 662 (Ala.Cr.App. 1986).
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, Retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is adopted as that of this court.
Accordingly, the judgment is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 848