Larry Wiggins was indicted for the unlawful distribution of a controlled substance, in violation of § 13A-12-211, Code of Alabama 1975 (Supp. 1989). He initially pleaded not guilty, but later changed his plea in open court to "guilty." Upon being asked by the trial judge, the appellant admitted that he sold illegal drugs. (R. 10.) On February 26, 1990, the trial judge sentenced the appellant to 12 years' imprisonment in the state penitentiary, and ordered that his sentence run concurrently with his sentence in case CC-88-153, a revocation of parole case.
On March 23, 1990, the appellant filed a motion for a new trial. On April 2, 1990, a hearing was had on that motion and the appellant took the stand as the sole witness. He stated that he had understood that he was to receive two sentences of eight years and four years on the two cases, the sentences to run concurrently. The trial judge denied the appellant's motion for a new trial and denied a request to set aside his guilty plea.
The appellant raises four issues on this appeal. He contends: (1) that the trial court erred because it failed to read to him the elements of the offense with which he was charged; (2) that the trial court erred by not allowing him to withdraw his guilty plea on the basis that he did not understand the sentence which he was to receive; (3) that the trial court erred by refusing to grant his motion for a new trial on the basis that there was confusion as to whether there was a plea bargain agreement; and (4) that his trial counsel was ineffective and inadequate.
 I
The appellant first contends that the trial judge should have read the elements of the charged offense at the guilty plea hearing, in light of the appellant's low intelligence.
The trial judge explained to the appellant the ranges of punishment that he could receive if he was found guilty or if he pleaded guilty. He also explained the rights that the appellant would be waiving if he pleaded guilty. See Boykin v.Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969);Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973).
The trial judge completely covered the Ireland form with the appellant. Ireland v. State, 47 Ala. App. 65, 250 So.2d 602
(1971). After the judge had done so, the appellant acknowledged that his attorney had covered the contents of the Ireland form, that he understood its contents, and that he had signed it voluntarily. The appellant then admitted that he and his attorney had discussed the facts of his case.
Thereafter, the following colloquy occurred:
"THE COURT: . . .
 "Now, I ask you how you wish to plead to unlawful distribution of a controlled substance, to-wit: cocaine that you're charged with in CC-89-155? *Page 1298 
"MR. WIGGINS: Guilty.
 "THE COURT: All right. You have now pled guilty; I'll ask you to tell me exactly what happened in this circumstance. Were you charged with actually selling this drug?
"MR. WIGGINS: Yes, sir.
 "THE COURT: Are you telling me you did sell this drug to somebody?
"MR. WIGGINS: Yes, sir.
 "THE COURT: I find that there is a factual basis for the plea and I enter your guilty plea of record." (R. 10.)
At the hearing on his motion for a new trial, the appellant denied selling drugs to anyone. He stated that he gave a friend some drugs that he had for his personal use. (R. 27.) Upon being asked by the trial judge, the appellant admitted that he knew that giving away drugs was against the law also, but he claimed that he did not know it was as severe a crime as selling drugs. (R. 32.) The trial judge explained to him that the range of punishment for both crimes was the same.
At the guilty plea hearing, the appellant testified that he had a 10th grade education. He stated that he had read theIreland form with his attorney and that he had understood it.
At the motion for a new trial, he testified that he had a 10th grade education and that he could read, but that he did not understand some words. His claim is not, however, that he did not understand his rights; rather, he claims that he did not understand the sentence he was to receive.
Reviewing this testimony as a whole, we agree with the trial court. The appellant understood the crime with which he was charged. Thus, the trial court's failure to cover every element of the charged crime was not error. See Russell v. State,428 So.2d 131, 134 (Ala. 1982); Mantoz v. State, 495 So.2d 120
(Ala.Cr.App. 1986); Alexander v. State, 488 So.2d 41
(Ala.Cr.App. 1986); Atteberry v. State, 448 So.2d 425
(Ala.Cr.App. 1983).
Moreover, we note that this cause is indistinguishable fromMantoz, Alexander, and Atteberry. The appellant initially pleaded not guilty and waived the reading of the indictment at arraignment. This sufficiently put him on notice of the charged crime and its elements, even though he changed his plea and the indictment was not read at the guilty plea hearing.
The appellant is not entitled to a reversal on the basis of this claim.
 II
The appellant's second and third issues set out above are interrelated and will be jointly addressed in this part of the opinion.
The appellant argues that he understood that he would have his eight-year sentence put into effect for his parole violation and then would receive a concurrent four-year sentence for the sale of cocaine charge. Instead, his eight-year sentence was reinvoked for parole violation, and he received a 12-year sentence on his guilty plea to the unlawful distribution of cocaine charge, with the latter to run concurrently with the former.
He contends that he entered his guilty plea with the understanding that there was a plea bargain agreement with the State for him to do so and that the maximum time he would serve was eight years. Admittedly, there was some confusion as to whether or not a plea bargain agreement actually existed. At the guilty plea hearing, the trial judge asked:
 "THE COURT: All right. I understand that you're entering what is known as a blind plea or an open plea, that is, that there is no plea bargain agreement. Do you understand that?
"MR. WIGGINS: Yes, sir.
". . . .
 "THE COURT: All right. Now is there anything that you need to make the Court aware of before you enter this plea? Anything at all that you feel like *Page 1299 
has compromised your rights or anything that you feel like the Court needs to know about here today before I ask you how you plead?
"MR. WIGGINS: No, sir." (R. 8-9.)
Nothing else was mentioned about a possible plea agreement until the sentence hearing, where the following colloquy occurred:
"THE COURT: . . . .
 "All right. Now, in CC-89-155, you come on to be sentenced after an order on plea of guilt, having pled guilty on October 30, 1989, and I ask you now if you have anything to say before judgment and sentence of law is passed upon you?
 "MR. WOMBLE [defense counsel]: . . . . We have an agreement, a total of twelve years on — on both cases. We would ask you to consider that on any probation or reduction of sentence that you thought would be proper, Judge.
"THE COURT: Anything you want to say, Mr. Wiggins?
"MR. WIGGINS: Uh — no.
 "THE COURT: All right. Well, Mr. Wiggins, this case involves the sale of crack cocaine; in view of the seriousness of the charge and in view of the damage that selling crack cocaine does to peoples' lives, I don't feel it's appropriate to reduce the sentence to anything lower than what has already been agreed upon between yourself and the State which was twelve years. I will run this case concurrent with your probation revocation sentence in CC-88-153. So, the Court hereby sentences you to twelve years in the penitentiary. I find that probation is not warranted. I order that this sentence run concurrent with CC-88-153.
". . . .
 "That being the case and the Defendant saying nothing further, this record is now closed." (R. 17-18.)
It was not until the motion for a new trial was filed and a hearing held to address the merits that the contention was made that 12 years meant eight years plus four years, rather than the 12-year sentence handed down by the trial court. The appellant testified at the hearing that he entered a guilty plea with the understanding that his eight-year sentence was to be reinvoked on his parole violation and that he was to receive a four-year sentence for unlawful distribution, to run concurrently with the eight-year sentence. (R. 25, 30, 32-33.)
After the appellant testified at this hearing, the following lengthy discussion was had between the assistant district attorney and the trial court:
"MR. PEARSON: . . . .
 "And I think the policy has always been in a plea bargain, if there is one involved, and the defendant knows it's a plea bargain — I'm not even sure in this case it was. It could have been even an open plea, maybe; I don't remember for sure. What I'm saying is, all of this was explained in great detail to the defendant. He understood it at that time. And the only time he is now not understanding it is since he's come — been sitting over in the jail.
 "THE COURT: I think you've refreshed the Court's recollection that there was no plea bargain as such.
"MR. PEARSON: As such. That's correct.
 "THE COURT: There was — I expressed to the defendant that there would be an open plea but that the plea bargain agreement consisted of running his time with the probationary case concurrent with whatever sentence he received. I think you have refreshed the Court's recollection to the point that — recall that.
 "And the twelve years came from the stand — from the point that the — that the Court decided that twelve years was an appropriate sentence in this case. And that many other defendants who were charged with the same thing were sentenced to twelve years during that term of court. *Page 1300 
"MR. PEARSON: The same for the — for the same —
"THE COURT: For the same sale of cocaine offense.
 "MR. PEARSON: And, of course, in this case it's kind of peculiar, he's even admitted here today that he committed the offense in sale or other. [sic] I mean, he's not — he hasn't said he's not guilty, that he is guilty and that he just didn't like the sentence. And I just don't think — If we started doing that then we'd have to give everybody that ever pled guilty a new trial. That's the way I understand it.
 "THE COURT: Well, I'm satisfied, based on my recollection of the events here and the testimony of the defendant — The defendant made a knowing intelligent waiver of his constitutional rights. And he did so full well knowing that he was making an open plea insofar as time goes, and that the stipulation would be that the sentence run concurrent with his probationary sentence.
 "I happen to believe, based on the witness's demeanor and his method of testifying that this is just one case where a guy has sat in jail waiting to go to prison and decided that he needs to get out of this situation. And I deny your motion for a new trial. I'll set an appeal bond at $25,000. Thank you very much." (R. 36-39.)
Defense counsel at no time stated that he remembered the agreement to be other than that as recalled by the trial court and the assistant district attorney. He likewise never stated that he told the appellant otherwise. The appellant himself was the only one who either remembered the agreement as being different or did not completely understand the agreement.
In fact, the trial court asked the appellant why he did not mention the misunderstanding at the sentencing hearing:
 "THE COURT: When I sentenced you here in open court, did you stop me and say, 'Wait a minute, Judge, that's not the sentence that I was given.' I asked you if you had anything to say before judgment and sentence of law was passed upon you. And then when I finished up I asked you if you had anything to say, didn't I?
"THE WITNESS: Yes, sir.
 "THE COURT: Did you tell me anything was wrong then?
 "THE WITNESS: No. I tried to but I got choked up and couldn't say nothing.
 "THE COURT: You mean the emotions just over-powered you at that time?
"THE WITNESS: Yes." (R. 33.)
In Ex parte Heaton, 542 So.2d 931, 933 (Ala. 1989), the Alabama Supreme Court addressed the standard to be applied when a trial court denies a defendant's request to have his guilty plea set aside and to be awarded a new trial:
 "The law in Alabama is clear that whether a defendant should be allowed to withdraw a plea of guilty is a matter solely within the discretion of the trial court, whose decision will not be disturbed on appeal absent a showing of abuse of discretion. State v. Holman, 486 So.2d 500, 503
(Ala. 1986); Tiner v. State, 421 So.2d 1369, 1370
(Ala.Crim.App. 1982); Boykin v. State, 361 So.2d 1158, 1160 (Ala.Crim.App. 1978). The courts recognize that a plea must be entered intelligently and voluntarily, Tiner, 421 So.2d at 1370, and informing a defendant of the nature of the charge and the consequences of a guilty plea is crucial to the defendant's fashioning an intelligent and voluntary waiver. Chapman v. State, 412 So.2d 1276, 1277 (Ala.Crim.App. 1982). The fact that the defendant later becomes dissatisfied with his sentence will not constitute a ground for invalidating the plea. Holman, 486 So.2d at 503; Chapman, 412 So.2d at 1278." (Emphasis added.)
Cf. Ex parte Sides, 501 So.2d 1262 (Ala. 1986) (an accused, prior to guilty plea, is entitled to have trial court consider existing plea bargain agreement); Lewis v. State, *Page 1301 479 So.2d 1356, 1359 (Ala.Cr.App.), cert. denied (Ala. 1985) ("A guilty plea is involuntary if made in ignorance of the consequences, including the length of any possible sentence.").
Those situations in Sides and Lewis do not exist in this case, in our opinion. The trial judge's finding that the appellant, upon further thought, did not like the sentence that he received was a reasonable one based on the judge's observation of the appellant. The trial judge's denial of the appellant's motion for new trial and request to change his plea was not an abuse of discretion.
We stated in Eathorne v. State, 448 So.2d 445, 449-50
(Ala.Cr.App. 1984), in upholding a similar finding by the trial court:
 "In our opinion, the record reflects that Eathorne was legally competent when he pled guilty and that he did so in a voluntary and intelligent manner. 'From the rule that a plea must be intelligently made to be valid it does not follow that a plea is vulnerable to later attacks solely because the petitioner or his counsel did not correctly assess every relevant factor which contributed to his decision.' Thundershield v. Solem, 565 F.2d 1018, 1026 (8th Cir. 1977). In making our determination, we note that the trial judge who accepted Eathorne's guilty plea and sentenced him was also the same judge who presided over the coram nobis hearing. That judge's observation of Eathorne at the guilty plea and coram nobis hearing is entitled to significant weight where the other evidence of his mental condition is conflicting. See United States v. Oliver, 626 F.2d 254 (2nd Cir. 1980)."
The trial judge's decision was not error. The appellant is thus not entitled to a reversal on the basis of this claim.
 III
Last, the appellant contends that he was denied effective assistance of counsel at all three hearings — the guilty plea proceeding, the sentencing, and the hearing on the new trial motion.
This contention is without merit. The appellant admitted that he spoke with his attorney about his case, and he admitted that they had ample time to discuss the case. He, however, claimed that he did not understand that giving away cocaine and selling cocaine were both the same crime. He further stated that he understood the sentence was supposed to be other than what he received, but he did not allege that his attorney told him that the agreement was otherwise. (R. 32-34.)
To prove ineffective assistance of counsel, the appellant must satisfy the two-part test of Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first part of this test requires a showing that the appellant's trial counsel was "deficient." Jones v. State, 484 So.2d 554
(Ala.Cr.App. 1985). The appellant has wholly failed to present any evidence to support such a claim. His problem with the guilty plea is not based on what his attorney told him but on what he understood the agreement to be if he so pleaded.
Therefore, the appellant is not entitled to a reversal on this issue. See, Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366,88 L.Ed.2d 203 (1985).
For the reasons stated, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.