The appellant, Nancy Andrews Speigner, pleaded guilty to 15 counts of theft of property in the first degree in violation of § 13A-8-3, Code of Alabama 1975, and 36 counts of theft of property in the second degree in violation of § 13A-8-4, Code of Alabama 1975. She was sentenced to 10 years in the penitentiary on each count, all the sentences to be served concurrently, and she now appeals from each conviction.
 I
The appellant contends that the court did not have jurisdiction to accept her guilty pleas because the statutory period of limitations had expired on some of the counts.
Initially, we observe that the issue of whether the statute of limitations had expired was not presented to the trial court. However, this court has held that "the statute of limitations is a jurisdictional matter." Hines v. State,516 So.2d 937, 938 (Ala.Cr.App. 1987). A guilty plea waives only nonjurisdictional defects. Fuentez v. State, 627 So.2d 1110
(Ala.Cr.App. 1993). By pleading guilty to 51 counts, the appellant did not *Page 1026 
waive his argument concerning the statute of limitations. Thus, this court can review this issue.
First, we must determine the applicable statute of limitations for the offense of theft of property. Theft of property in the first degree and theft of property in the second degree are felonies. Prosecution for a felony must be commenced within three years from the date of the offense. § 15-3-1, Code of Alabama 1975.
The record reflects that in 1987 the appellant was hired as the office manager for Daleville Real Estate Company. In 1992 the owners of the company noticed that they were experiencing a cash flow problem and initiated an audit. It was discovered that the appellant, since the beginning of her employment, had directed that the company bank's statements be mailed to a post office box registered in her name. The 51 counts of theft were based on allegations that the appellant had deposited company checks into her personal account from September 1989 to May 1992. The total amount of those checks exceeded $50,000.
The state contends in its brief that the theft was a continuous transaction and that the statutory limitations period had not run on the last theft that had been committed by the appellant, i.e., the last that check had been deposited to her account. This argument would be meritorious if the appellant was charged with one count of theft that encompassed her conduct. However, the appellant was charged with 51 different counts of theft of property. Each theft was treated as a separate transaction, and the continuous transaction theory, therefore, does not apply here.
The record reflects that the appellant was indicted on October 5, 1992, in two indictments, for 51 counts of theft of property. The indictments reflect that the first instances of theft occurred on September 1, 1989 (theft in second degree), September 9, 1989 (theft in first degree), and October 2, 1989 (theft in second degree). Clearly, action on these offenses was not initiated before the three-year limitations period had expired. Thus, the court was without jurisdiction to accept a plea or to fix sentence as to these three offenses.
Because the circuit court was without jurisdiction to accept the appellant's plea to the three counts that were outside the statutory limitations period, we must reverse the three convictions on these three offenses.
In the interest of judicial economy, we will address the remaining issues, which deal with the 48 remaining counts of theft of property.
 II
The appellant contends that the court failed to comply with Rule 14.4, Ala.R.Crim.P., when accepting her guilty pleas. Rule 14.4, states in part that the court must conduct a colloquy with the defendant for the following purposes:
 "(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
 "(i) The nature of the charge and the material elements of the offense to which the plea is offered;
 "(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions;
 "(iii) If applicable, the fact that the sentence may run consecutively with another sentence or sentences;
 "(iv) The fact that the defendant has the right to plead not guilty, not guilty by reason of mental disease or defect, or both not guilty and not guilty by reason of mental disease or defect, and to persist in such a plea if it has already been made, or to plead guilty;
 "(v) The fact that the defendant has the right to remain silent and may not be compelled to testify or give evidence against himself or herself, but has the right, if the defendant wishes to do so, to testify on his or her behalf;
 "(vi) The fact that, by entering a plea of guilty, the defendant waives the right to trial by jury, the right to confront witnesses against him or her, the right *Page 1027 
to cross-examine witnesses or have them cross-examined in defendant's presence, the right to testify and present evidence and witnesses on the defendant's own behalf, and the right to have the aid of compulsory process in securing the attendance of witnesses; and
 "(vii) The fact that, if the plea of guilty is accepted by the court, there will not be a further trial on the issue of defendant's guilt; and
 "(2) Determining that the plea is voluntary and not the result of force, threats, or coercion, nor of any promise apart from the plea agreement that has been disclosed to the court as provided in Rule 14.3(b).
 "(b) Factual Basis For Plea. Notwithstanding the acceptance of a plea of guilty, the court shall not enter a judgment upon such plea without being satisfied that there is a factual basis for the plea."
The record indicates that the appellant told the court that the indictments had been read to her and that she had also read them herself. She was told the minimum and maximum penalty she could receive, and her pleas were a result of an agreement whereby the sentences would be served concurrently and not consecutively. The appellant was also informed of the rights she was giving up by pleading guilty and the consequences of her pleas. The record also contains an explanation of rights form signed by the appellant. Rule 14.4(a)(1), Ala.R.Crim.P., was complied with.
The appellant contends that her pleas violated Rule 14.4(b), Ala.R.Crim.P., because, she says, the court had no factual basis for accepting the plea. "The purpose of requiring the trial judge to determine that there is a factual basis for the plea 'is to ensure the accuracy of the plea through some evidence that a defendant actually committed the offense.' "Alderman v. State, 615 So.2d 640, 647 (Ala.Cr.App. 1992), quoting United States v. Keiswetter, 860 F.2d 992, 995 (10th Cir. 1988), remand order withdrawn and plea vacated on rehearing, 866 F.2d 1301 (10th Cir. 1989) (en banc). " 'The only factual basis required for a guilty plea is that which will satisfy the court that the appellant knows what he is pleading guilty to.' Garner v. State, 455 So.2d 939, 940
(Ala.Cr.App.), cert. denied, 455 So.2d 940 (Ala. 1984)."Alderman, 615 So.2d at 647.
In this case the record reflects that the appellant knew the crimes that she was pleading guilty to. "The factual basis was established, in part, by the appellant's admission that he knew to what offense he was pleading guilty." Jones v. State,492 So.2d 642, 645 n. 3 (Ala.Cr.App. 1986). The appellant also stated during the colloquy that the indictments had been read to her and that she had read them herself. The indictments specifically set forth the elements of the crimes she was charged with under § 13A-8-3 and § 13A-8-4.
 "In Alexander v. State, 488 So.2d 41, 44
(Ala.Cr.App. 1986), this court held that when a mere reading of the indictment is sufficient to determine the factual basis for the plea, it is not absolutely required that the reading occur at the time of the guilty plea proceeding."
Bowens v. State, 570 So.2d 844, 845 (Ala.Cr.App. 1990).
The record clearly shows that the court had a sufficient factual basis to accept the appellant's pleas of guilty.Wiggins v. State, 572 So.2d 1296 (Ala.Cr.App. 1990).
 III
The appellant further contends that the court erred in not setting aside her pleas because, she says, they were induced by misinformation and coercion. The appellant filed a motion to set aside her guilty pleas and the court held a hearing on the motion. The court made the following findings:
 "The Court finds from the record in this cause and evidence produced in support of the motion to set aside the guilty plea, that the defendant entered her plea voluntarily, understandingly and intelligently.
 "The Court finds that the defendant was represented by competent counsel throughout this case, in preparation for trial and during the plea negotiations and was fully informed and advised of her counsel's activities on her behalf. The Court is further of the opinion from the evidence that the defendant's counsel did *Page 1028 
not force or coerce the defendant into pleading guilty and the defendant voluntarily and understandingly entered her plea of guilty of her own free will, knowing the consequences and effect thereof. The Court finds that the plea was made by a competent defendant, with adequate and reasonable advice from competent counsel and there is nothing to question the accuracy and reliability of the defendant's admission that she committed the crime charged, except she changed her mind and insists she is not guilty."
The trial court heard both the appellant and her attorney testify at the motion hearing. The court made findings of fact based on their testimony. The court was in a better position than this court to rule on the motion.
The standard of review this court uses when evaluating the trial court's ruling on a motion to withdraw a plea of guilty is whether the trial court abused its discretion. Ex parteHeaton, 542 So.2d 931 (Ala. 1989). There was no abuse of discretion in this case.
 IV
The appellant further contends that the court erroneously considered statements made by her that appeared in the presentence report when denying her motion to set aside her guilty pleas.
The record reflects that the court filed a lengthy order denying her motion to set aside her pleas. The presentence report was mentioned in the order. However, it is clear from the order that the court considered many other factors when ruling on the appellant's motion to set aside her guilty pleas. No error occurred here.
For the reasons discussed in Part I of this opinion, the appellant's conviction of three counts of theft of property — one count of theft in the first degree and two counts of theft in the second degree — are reversed. The convictions on the remaining 48 counts are affirmed. This case is remanded to the Circuit Court for Dale County for proceedings not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
All the Judges concur.