BOWEN, Presiding Judge.
Curtis Earl Tanner, the appellant, pleaded guilty to and was convicted of four offenses: attempted assault in the first degree, two counts of burglary in the third degree, and burglary in the second degree. He was sentenced to concurrent terms of 20 years’ imprisonment in each case. The appellant raises three issues on this direct appeal from those convictions.
I.
The appellant was not improperly sentenced for attempted assault in the third degree because he did not plead guilty to such an offense.
The appellant was initially charged in case number CC-92-1110 with attempted murder; in case number CC-92-1111 with burglary in the third degree, theft in the second degree, and receiving stolen property in the second degree; in case number CC-92-1114 with burglary in the third degree, theft in the first degree, and receiving stolen property in the first degree; and in ease number CC-92-1116 with burglary in the first degree. Under the clear and undisputed terms of the plea bargain agreement, the appellant agreed to plead guilty to attempted assault in the first degree in ease number CC92-1110; burglary in the third degree in ease number CC92-1111; burglary in the third degree in ease number CC92-1114; and burglary in the second degree in case number CC92-1116. The other charges were dismissed.
At the guilty plea hearing, the trial court thoroughly established the existence of and thoroughly explained the terms of the plea agreement. In particular, the trial court explained that because the appellant had caused no physical injury, the attempted murder charge would have to be amended to attempted assault in the first degree rather than assault in the first degree, which had been the original plea agreement. Both defense counsel and the appellant separately acknowledged their consent to that amendment of the charge. R. 7, 8. The appellant further acknowledged that it was his “intent to plead guilty to that amended charge.” R. 8. The appellant admitted that he “did with intent to commit the crime of assault in the first degree attemptf ] to commit that offense ... by means of a deadly weapon, a gun.” R. 8-9. The appellant then acknowledged that the'prosecutor.’s statement of the factual basis for the plea was “substantially correct.” R. 10. The appellant admitted that his attorney had explained to him that “this offense of attempted assault in the first degree is a Class C felony.” R. 10.
The trial court then went through a similar process with each of the remaining charges. The appellant acknowledged that he understood that he was pleading guilty to three Class C felonies and one Class B felony, and that he understood the range of punishment for each felony; and that he understood the enhanced punishments under the Habitual Felony Offender Act for the conviction of the Class C felonies and the Class B felony with two prior felony convictions. The trial court then advised the appellant of his constitutional rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
The “explanation of rights and plea of guilty” form in case number CC-92-1110 *705 bears the appellant’s signature and specifically refers only to attempted assault in the first degree. CR. 52. At the guilty plea colloquy, the appellant acknowledged that he had “gone over” that form, that he understood it, and that he had no questions about it. R. 23.
After ascertaining that the appellant’s plea was intelligent and voluntary, the trial court asked:
“THE COURT: And to the charge of attempted assault in the third degree, ... how do you plead?”
“MR. TANNER: Guilty.” R. 24.
There is no indication in the record that anyone noticed that the trial court said third degree instead of first degree. Nowhere else in the record is there any indication that the appellant agreed to or did plead guilty to assault in the third degree. This is the only occasion on which assault in the third degree is mentioned. Only on appeal does the appellant argue that he was improperly sentenced for assault in the third degree.
The case action summary reflects that the appellant pleaded guilty to attempted assault in the first degree (CR. 2, 3), as does the minute entry of the circuit court (CR. 55-56). The appellant’s handwritten “notice of appeals” reflects a notice of appeal in case number “CC92-1110, Attempt, Assault, 1st, sentenced, 9-2-92.” CR. 101.
The untimely filed “motion to withdraw guilty pleas” raised only one ground:
“Defendant was denied Effective Assistance of Counsel by Defense Counsel’s deficient performance, unpreparedness and coercive conduct in connection with Defendant’s entry of Guilty Pleas; and said pleas were unlawfully induced and not made voluntarily with understanding of the nature of the charge and the consequences of the pleas.” CR. 104.
It is apparent to this Court that the reference to assault in the third degree contained in the record is either a typographical error by the court reporter or a mere inadvertent slip of the tongue by the trial court. “This Court may take notice of typographical errors which are ‘plainly ... self-corrective, clerical mistake[s].’ Stewart v. State, 137 Ala. 33, 43, 34 So. 818, 821 (1903).” Kuenzel v. State, 577 So.2d 474, 523 (Ala.Cr.App.1990), affirmed, 577 So.2d 531 (Ala.), cert. denied, — U.S. -, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991). Here, it is evident that the only charge contemplated in case number CC-92-1110 was attempted assault in the first degree and that is, in fact, the charge to which the appellant pleaded guilty and for which he was sentenced.
II.
The appellant contends that he was not represented by counsel at the guilty plea hearing. The record does reflect that the appellant was dissatisfied with his retained counsel and that he had decided to discharge him. However, the record also shows that the appellant abandoned this issue.
When the case was called for trial, the appellant was represented by retained counsel. At that time, the appellant informed the trial court that he had “fired [his] attorney ... [b]ecause he has been paid to represent me and he hasn’t represented me properly,” and requested the trial court to appoint an attorney. R. 2. Defense counsel stated that, contrary to the appellant’s allegations, he had “spent probably five or six hours with [the appellant] in jail,” that he had “complete discovery from the state,” that he had “talked to all of the witnesses that are available,” and that he was ready to proceed with trial. R. 3 — 4. When defense counsel informed the trial court that he had been hired by the appellant’s brothers to represent the appellant and that the appellant had not paid him anything, the trial court called a recess and allowed the appellant to talk with his brothers who were present in the courtroom.
After the recess, the appellant acknowledged that after the discussion with his brothers and defense counsel, he intended to plead guilty. The appellant at this time expressed no dissatisfaction with his attorney and there was no further mention of this matter.
We find that the appellant abandoned this issue at trial and that he was in fact represented by retained counsel throughout the proceedings. The record affirmatively shows *706 that the appellant was not denied his constitutional right to the assistance of counsel.
III.
The appellant complains because the trial court did not orally advise him of his right to appeal.
In sentencing the appellant the trial court did not advise the appellant of his right to appeal. Rule 26.9(b)(4), A.R.Crim.P., requires that, in pronouncing sentence the trial court “shall ... [i]nform the defendant as to defendant’s right to appeal.” However, the appellant was advised of his right to appeal in each of the four “explanation of rights and plea of guilty” forms he signed. CR. 52, 70, 83, 98. The appellant did timely file a pro se notice of appeal, CR. 106. The appellant also filed a “forma pauperis declaration motion to proceed as an indigent,” and a request for the appointment of counsel. CR. 102, 109. Both of those requests were granted.
Consequently, because the appellant has in fact appealed his convictions and has not suffered any prejudice whatsoever, the error in the failure of the trial court to advise the appellant of his right to appeal is harmless. Rule 45, A.R.App.P.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.