Gregory Hernando Parrish, the appellant, pleaded guilty to, and was convicted of, the unlawful distribution of cocaine. He was sentenced to two years' imprisonment. That sentence was enhanced by two five-year terms because the cocaine was sold within three miles of both a school and a public housing project. See Ala. Code 1975, §§ 13A-12-250 and -270. He raises three issues on this direct appeal from that conviction.
 I
The appellant argues that the State failed to prove that the drugs were sold within three miles of a school and a public housing project. Included in the assistant district attorney's statement of the facts given at the guilty plea proceeding was the contention that "the sale of the crack cocaine took place within a three-mile radius of a school and also within a three-mile radius of *Page 984 
a public housing authority." R. 9. There was no objection to this statement at the guilty plea proceeding. There was no motion to withdraw the guilty plea. This issue is presented for the first time on this appeal. Consequently, the appellant is precluded from raising this issue. Willis v. State,500 So.2d 1324 (Ala.Cr.App. 1986). Cf. Weaver v. State, 437 So.2d 626,627 (Ala.Cr.App. 1983) (where defendant's sentence was enhanced under Habitual Felony Offender Act and defendant failed to object at trial to "the method chosen by the state to prove the prior conviction that was used to enhance his sentence," that issue was not properly preserved for appellate review). CompareEx parte Reese, 620 So.2d 579, 580 (Ala. 1993) ("[i]n pleading guilty, [the defendant] specifically reserved the right to challenge on appeal the use of his prior convictions for enhancement purposes").
 II
The appellant argues that the "school yard" and "housing project" enhancement statutes are "overly broad and overinclusive, and [do] not reasonably relate to the State's legitimate need to protect school areas and public housing projects from drugs." Appellant's brief at 7. This issue was never presented to the trial court. The appellant therefore has also waived this issue. "[E]ven constitutional rights have to be raised seasonably in the trial court." Fuller v. State,269 Ala. 312, 326, 113 So.2d 153, 165 (1959), cert. denied,361 U.S. 936, 80 S.Ct. 380, 4 L.Ed.2d 358 (1960).
 " 'Even questions involving constitutional rights must be seasonably raised at the trial court level.' . . .
 ". . . In all but capital cases, alleged error in a criminal proceeding must be properly preserved before an appellate court will examine it; therefore, it is incumbent upon defense counsel to adequately preserve alleged errors in a proceeding by making an appropriate and timely objection."
Ross v. State, 581 So.2d 495, 496 (Ala. 1991).
 III
The appellant contends that his plea was involuntary because "[t]he record does not indicate that the trial level defense attorney or the trial court informed the Defendant that the minimum sentence would be 12 years, 10 of which would have no possibility of parole." Appellant's brief at 10 (emphasis added).
This issue is raised for the first time on appeal. It is our understanding that under the recent Alabama Supreme Court case of Cantu v. State, 660 So.2d 1026 (Ala. 1994), the failure to inform a defendant of the minimum and maximum sentences constitutes a defect in the entry of a plea of guilty that goes to the voluntariness of that plea and that defect may be raised on direct appeal or in a collateral petition for post-conviction relief even though there was no contemporaneous objection in the trial court. See also Parish v. State,660 So.2d 231 (Ala. 1994).
The record, however, does not support the appellant's argument.
 "THE COURT: You are here in CC-93-722, where you are charged with unlawful distribution of a controlled substance. And that is a Class B felony for which you could receive from two years to twenty years and a fine of up to ten thousand dollars and costs of court.
 "And as I understand, this transaction occurred within three miles of a school or housing project. And was it a school and a housing project?
 "MR. MAXWELL [assistant district attorney]: Yes, sir.
 "THE COURT: And under § 13A-12-250 and under § 13A-12-270, that's called the schoolyard statute and the housing project statute, an additional five years is imposed under each of those statutes, in addition to the minimum base sentence. Also, you can't apply for probation in those situations.
"Do you understand that range of punishment?
 "THE DEFENDANT: Yes, sir." R. 4-5 (emphasis added).
Immediately before the appellant stated that he was pleading guilty, he asked to talk to his attorney and thereafter the following occurred: *Page 985 
 "MS. SHUMATE [defense counsel]: I apologize for the delay, Judge.
"THE COURT: Oh, no.
 "MS. SHUMATE: It's a young man trying to get things straight in his mind.
 "THE COURT: Right. I understand. One of the things you run into is the additional five years. All of that is subject to their parole procedures.
"MS. SHUMATE: I have explained that to him.
 "THE COURT: Sometimes people think it's a mandatory service, but that's another story.
 "MS. SHUMATE: Yes, sir." R. 10-11 (emphasis added).
The appellant then entered his plea of guilty.
Here, the judge informed the appellant of the minimum and maximum range of the base sentence and also informed the appellant of the mandatory enhancement punishment. The appellant stated that he understood that "an additional five years is imposed under each of those statutes, in addition to the minimum base sentence" and that he could not "apply forprobation" in regard to the enhancement punishments.
Both the "schoolyard" and the "housing project" enhancement statutes specifically state that the additional five-year sentence is to be imposed "with no provision for probation," but neither statute mentions parole. Ala. Code 1975, §§13A-12-250 and 13A-12-270. As the trial court stated at the plea proceeding, the appellant was eligible for parole, but was not eligible for probation. Compare Ala. Code 1975, §§ 15-22-26
through -27.2 with § 15-22-50.
The circuit judge did comply with the procedural requirements of Rule 14.4(a)(1), A.R.Crim.P., in informing the appellant of the proper range of sentence. The argument of the appellant is without merit.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.