The appellant, Henry Daniel Tillery, Jr., pleaded guilty to the unlawful distribution of marijuana, a violation of §13A-12-211, Code of Alabama 1975. He was sentenced to five years' imprisonment. The court split the sentence, requiring the appellant to serve 18 months in prison and the remainder of the sentence on supervised probation.
The appellant contends that the court erred in accepting his guilty plea because, he contends, a factual basis for the plea was not established on the record of the plea proceeding.
The state first argues that the appellant failed to preserve this issue for appellate review because the appellant did not first present this argument to the trial court. The state recognizes that the Alabama Supreme Court's holdings in Bennett v. State, 649 So.2d 214 (Ala. 1994); Exparte Parish, [Ms. 1921181, April 15, 1994], 1994 WL 128995 (Ala. 1994); Cantu v. State, [Ms. 1920426, April 15, 1994], 1994 WL 129749 (Ala. 1994); and Gordon v. Nagle, 647 So.2d 91
(Ala. 1994), have eliminated the preservation requirement as to certain guilty plea issues. The state urges us to interpret those cases to apply only to those situations where a defendant was not informed of the correct maximum and minimum sentence before entering a plea of guilty.
In Gordon v. Nagle, the Alabama Supreme Court stated: "The question of the voluntariness of a guilty plea in a failure-to-advise case may be raised upon direct appeal or it may be raised collaterally under Rule 32 [A.R.Crim.P.]. . . ." 647 So.2d at 96. (Emphasis added.)
 "[T]he failure to inform a criminal defendant of the minimum and maximum sentencing possibilities constitutes a defect in the guilty plea that goes to the voluntariness of the plea and subjects it to a collateral challenge under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)."
Bennett, 649 So.2d at 215, citing Gordon v. Nagle. (Emphasis added.) The Bennett Court further noted, however, that not all defects in the entry of a guilty plea went to the jurisdiction of the court in accepting the plea.
In Cantu, the Court proceeded to clarify its holding concerning the preservation of guilty plea issues previously addressed in Ex parte Rivers, 597 So.2d 1308 (Ala. 1991), stating:
 "Notwithstanding the contrary, we hold that even though a defendant could file a motion under the provisions of Rule 14 [A.R.Crim.P.] to withdraw a plea of guilty on the ground that it was not entered in compliance with the provisions of Rule 2 [A.R.Crim.P.], and could appeal a trial court's ruling on that motion, the defendant would not be precluded from raising, in a timely filed post-conviction proceeding, the question of the voluntariness of the guilty plea. That was the holding in Rivers, and the only holding in Rivers. Gordon v. Nagle, supra."
Cantu, 1994 WL 129749, *4 (Emphasis added.)
At issue here is whether the establishment of a factual basis for a guilty plea goes to the voluntariness of the plea so as to subject it to attack. Rule 14.4, A.R.Crim.P., sets out the requirements for the acceptance of guilty pleas and states in pertinent part:
 "(a) Colloquy with Defendant. In all minor misdemeanor cases, the execution of a form similar to Form 68 will be sufficient and no colloquy shall be required. In all other cases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
 "(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
 "(i) The nature of the charge and the material elements of the offense to which the plea is offered;
 "(ii) The mandatory minimum penalty, if any, and the maximum possible *Page 89 
penalty provided by law, including any enhanced sentencing provisions;
 "(iii) If applicable, the fact that the sentence may run consecutively with another sentence or sentences;
 "(iv) The fact that the defendant has the right to plead not guilty, not guilty by reason of mental disease or defect, or both not guilty and not guilty by reason of mental disease or defect, and to persist in such a plea if it has already been made, or to plead guilty;
 "(v) The fact that the defendant has the right to remain silent and may not be compelled to testify or give evidence against himself or herself, but has the right, if the defendant wishes to do so, to testify on his or her behalf;
 "(vi) The fact that, by entering a plea of guilty, the defendant waives the right to trial by jury, the right to confront witnesses against him or her, the right to cross-examine witnesses or have them cross-examined in defendant's presence, the right to testify and present evidence and witnesses on the defendant's own behalf, and the right to have the aid of compulsory process in securing the attendance of witnesses; and
 "(vii) The fact that, if the plea of guilty is accepted by the court, there will not be a further trial on the issue of defendant's guilt; and
 "(2) Determining that the plea is voluntary and not the result of force, threats, or coercion, nor of any promise apart from the plea agreement that has been disclosed to the court as provided in Rule 14.3(b).
 "(b) Factual Basis for Plea. Notwithstanding the acceptance of a plea of guilty, the court shall not enter a judgment upon such plea without being satisfied that there is a factual basis for the plea."
Boykin v. Alabama, 395 U.S. 238, 244, 89 S.Ct. 1709, 1712,23 L.Ed.2d 274 (1969), requires that before accepting a plea of guilty, the court must "make sure [the defendant] has a full understanding of what the plea connotes and of its consequence." The Boykin Court further added in a footnote:
 " '[T]he trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences.' "
395 U.S. at 244, 89 S.Ct. at 1713, 23 L.Ed.2d at 280, n. 7, quoting Commonwealth ex rel. West v. Rundle, 428 Pa. 102,105-06, 237 A.2d 196, 197-98 (1968).
These Boykin requirements are covered in Rule 14.4(a)(1), quoted above. The adherence to these requirements helps ensure that a defendant's plea of guilty is knowingly and voluntarily entered. See Committee Comments to Rule 14.4, A.R.Crim.P.
The requirement of Rule 14.4(b) that the court be "satisfied that there is a factual basis for the plea," is not necessary for the court's determination that a defendant's plea of guilty is knowingly and voluntarily entered. The requirement that there be a "factual basis" for the plea is separate from the requirement that the court determine the voluntariness of the plea. In Clark v. State,294 Ala. 485, 488, 318 So.2d 805, 807 (1974), the Alabama Supreme Court recognized the distinction between these requirements, stating:
 "In a plea of guilty proceedings the judge should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea. Further, the judge should be satisfied that there is a factual basis for the plea."
(Emphasis added.) See also Heptinstall v. State, 624 So.2d 1111
(Ala.Cr.App. 1993); Bowens v. State, 570 So.2d 844 (Ala.Cr.App. 1990); Alexander v. State, 488 So.2d 41 (Ala.Cr.App. 1986); andCashin v. State, 428 So.2d 179 (Ala.Cr.App. 1982).
Based on an examination of Boykin; Rule 14.4, A.R.Crim.P.; and Alabama case law, we find that the factual basis requirement is not a component of the determination of whether a defendant had voluntarily entered a plea of guilty. Therefore, Bennett, *Page 90 Parish, Cantu, and Gordon are not applicable and this issue is not reviewable by this court because the appellant's contention concerning the factual basis of his plea was not preserved for appellate review.
Assuming, however, that the appellant preserved this issue, we would decide it adversely to him on the merits. The appellant was informed of the charges against him. The court said to the appellant:
 "Under count one, the charge is that Mr. Tillery — you are here with counsel — on May 29, 1993, you unlawfully sold marijuana, a controlled substance, in violation of certain sections of the Code of the State of Alabama. Count two charges that you did on or about to-wit: May 20, 1993, unlawfully possess marijuana, a controlled substance, other than for personal use. . . ."
The court further told the appellant that it understood that the appellant was going to plead guilty to count one and that count two would be nol-prossed. Thereafter, the court informed the appellant of the rights that he was waiving by pleading guilty, and the appellant pleaded guilty to distributing marijuana.
"[W]hen the offense is simple and specific, the rule requiring the determination of a factual basis may be satisfied by a reading of the charge." Atteberry v. State,448 So.2d 425, 427 (Ala.Cr.App. 1983) (emphasis in original), citing, Morris v. State, 424 So.2d 1380 (Ala.Cr.App. 1982), andYoung v. State, 408 So.2d 199 (Ala.Cr.App. 1981).
Based on the court's reading of the charge to which the appellant pleaded guilty, the requirement that a factual basis be established was met.
For the foregoing reasons, the appellant's conviction is due to be affirmed.
AFFIRMED.
All the Judges concur.