The appellant, Jack Dzurian Dubose, was charged in eight separate indictments with eight counts of forgery in the second degree and eight counts of possession of a forged instrument in the second degree. (Each two-count indictment contained one forgery count and one possession of a forged instrument count.) Pursuant to a plea bargain agreement, the appellant pleaded guilty to the eight forgery charges, and the eight possession of a forged instrument charges were dismissed. The guilty pleas were entered in a single proceeding held June 23, 1994. The appellant admitted having "at least three prior felony convictions," R. 16, and was sentenced on the recommendation of the State to 15 years' imprisonment on each of the eight convictions, with each sentence to be served concurrently with the other sentences and with the sentence for a previous conviction that he was then serving. The appellant raises two issues in this pro se appeal from his convictions.
 I
The appellant argues that his guilty plea convictions are due to be reversed because the trial court made an erroneous statement during the plea colloquy regarding the rights the appellant was waiving.
The State maintains that this issue was not properly preserved for appellate review because the appellant did not object on this ground at the plea proceedings and did not file a motion to withdraw his pleas or a motion for a new trial. However, as this Court observed in Tillery v. State,647 So.2d 87 (Ala.Cr.App. 1994): "[T]he Alabama Supreme Court's holdings in Bennett v. State, 649 So.2d 214 (Ala. 1994); Ex parte Parish, [Ms. 1921181, April 15, 1994] ___ So.2d ___ (Ala. 1994); Cantuv. State, [Ms. 1920426, April 15, 1994] ___ So.2d ___ (Ala. 1994); and Gordon v. Nagle,[1] 647 So.2d 91 (Ala. 1994), have eliminated the preservation requirement as to certain guilty plea issues." As we understand those four cases, an alleged error in the plea colloquy required by Rule 14.4, A.R.Crim.P., and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709,23 L.Ed.2d 274 (1969), "goes to the voluntariness of th[e] plea and that [alleged] defect may be raised on direct appeal or in a collateral petition for post-conviction relief even though there was no contemporaneous objection [or timely post-plea motion raising the issue] in the trial court." Parrish v.State, [Ms. CR 93-590, June 17, 1994] ___ So.2d ___ (Ala.Cr.App. 1994). Consequently, we must address the merits of the appellant's claim.
The record on appeal contains a transcript of the plea proceedings. This transcript shows that the trial court "address[ed] the [appellant] personally in the presence of counsel in open court" concerning the matters set forth in Rule 14.4(a), A.R.Crim.P. *Page 342 
In explaining the appellant's right to a trial, the trial court stated:
 "Now, you have a right to be represented by an attorney at all stages of all of these cases. At the trial of your case, you would have the right to have your attorney subpoena witnesses to come to court and testify on your behalf and to cross-examine the state's witnesses. Your attorney would be bound to do all that she could honorably and reasonably do to ensure that you received a fair trial and effective legal representation."
R. 18. The trial court further explained that the state would have the burden of proof at trial; that the appellant would be presumed innocent; and that the appellant would have the right to testify in his own behalf, but that he could not be forced to testify against himself. See Rule 14.4(a)(1)(v) and (vi). The trial court then stated: "If you plead guilty, you waive or give up these other rights that I have just explained to you, there would be no trial, and, further, you would be incriminating yourself by telling the court that you are guilty of the charges in these cases." R. 20.
The appellant's interpretation of the above statements is that the trial court informed him that by pleading guilty he waived his right to be represented by competent counsel. We do not agree with this interpretation. While the trial court's statements are not perfectly clear on this matter, we think that a fair reading of its statements is that by pleading guilty, the appellant waived his right to a trial at which he would have certain other rights, including the right to be represented by competent counsel.
However, even if we agreed with the appellant's interpretation of the trial court's statements, we would not be required to reverse the appellant's convictions. A defendant has the right to be represented by counsel when entering a guilty plea. Cuevas v. Wilson, 264 F. Supp. 65, 70
(N.D.Cal. 1966) ("[t]he entering of a plea of guilty is a critical stage in a criminal proceeding, and the right to counsel announced in Gideon [v. Wainwright, 372 U.S. 335,83 S.Ct. 792, 9 L.Ed.2d 799 (1963),] must be granted at this stage of the proceeding"). Where the right to counsel exists, that right is, of course, to effective counsel. McMann v.Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14,25 L.Ed.2d 763 (1970).
Clearly, if we accepted the appellant's interpretation of the trial court's statements, those statements would be incorrect. The error would, however, be harmless. The record affirmatively shows that the appellant was, in fact, represented by counsel at the plea proceedings. There is nothing in the record to indicate that counsel was ineffective. Further, the appellant has made no explicit claim that counsel's performance was deficient. See Rule 45, A.R.App.P. Cf. Tanner v. State,624 So.2d 703, 706 (Ala.Cr.App. 1993) (trial court's error in failing to advise defendant who had entered a guilty plea that he had a right to an appeal was harmless where the defendant "ha[d] in fact appealed his convictions and ha[d] not suffered any prejudice whatsoever").
We note that the appellant makes the statement in his brief that neither the attorney representing him at the plea proceeding nor the prosecutor objected to the complained of statements by the trial court. While it does not appear to this Court that the appellant is claiming that his counsel at the plea proceeding was ineffective, if it was the appellant's intent to make such a claim, that issue was not properly preserved for our review. In Ex parte Jackson, 598 So.2d 895,897 (Ala. 1992), the Alabama Supreme Court "reaffirm[ed] the principle that ' "claims of ineffective assistance of counsel may not be considered for the first time on direct appeal." ' " As noted above, the appellant did not file a motion to withdraw his pleas or a motion for a new trial in the trial court. The issue of ineffective assistance of counsel was never presented to the trial court and, consequently, was not preserved for our review.
At the beginning of this portion of this opinion we recognized that the recent Alabama Supreme Court cases ofBennett v. State, Ex parte Parish, Cantu v. State, and Gordonv. Nagle have effectively abolished the requirement that alleged errors in a guilty plea colloquy be brought to the attention of the trial court in order to preserve those alleged errors for review. We do not *Page 343 
read those cases to extend to claims of ineffective assistance of counsel involving alleged plea colloquy errors. Instead, we deem all claims of ineffective assistance of counsel to fall within the holding of Ex parte Jackson — they must be preserved by proper objection in the trial court.
However, even if the appellant had properly preserved a claim of ineffective assistance of counsel, or if Bennett, Parrish,Cantu, and Gordon v. Nagle are ultimately held to extend to claims of ineffective assistance of counsel involving alleged plea colloquy errors, the appellant could not prevail on such a claim.
 "In order to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). 'In determining whether a defendant has established his burden of showing that his counsel was ineffective, we are not required to address both considerations of the Strickland v. Washington test if the defendant makes an insufficient showing on one of the prongs.' Thomas v. State, 511 So.2d 248, 255
(Ala.Cr.App. 1987)."
Kinsey v. State, 545 So.2d 200, 202 (Ala.Cr.App. 1989) (emphasis in original), quoted in Wesson v. State, 644 So.2d 1302, 1313
(Ala.Cr.App. 1994), and Sistrunk v. State, 630 So.2d 147, 153
(Ala.Cr.App. 1993). Accord Project, Twenty-Third Annual Reviewof Criminal Procedure: United States Supreme Court and Courtsof Appeals 1992-1993, 82 Geo.L.J. 597, 1020 (1994). Although the appellant has made the bare allegation that he was prejudiced by what he contends were the trial court's erroneous statements, he has totally failed to demonstrate how he was prejudiced either by those statements or by his attorney's failure to object to those statements. Consequently, the appellant may not prevail on a claim of ineffective assistance of counsel.
 II
The appellant contends that his guilty plea was accepted in violation of Amendment No. 37 to the Alabama Constitution, which he asserts requires a three-day waiting period between a notice of intent to plead guilty and the acceptance of the guilty plea. It appears that the appellant has confused Amendment No. 37, which contains no reference whatsoever to a three-day period, with Rule 2.2(e)(3), A.R.Crim.P., which does contain a reference to a three-day period, but which has absolutely no application to the appellant's cases.
Rule 2.2(e), A.R.Crim.P., sets out the procedure for accepting a guilty plea in a prosecution based on aninformation. In the eight cases at issue in this appeal, the appellant was charged by indictment. Rule 14.4, A.R.Crim.P., governs the acceptance of guilty pleas in a prosecution based on an indictment. Rule 14.4 was complied with in these cases.
For the reasons stated above, the judgments of the circuit court are affirmed.
AFFIRMED.
All Judges concur.
[1] The Alabama Supreme Court initially released an opinion inGordon v. Nagle on March 25, 1994. On September 30, 1994, the Supreme Court withdrew the March 25, 1994, opinion and substituted another one. There were no substantive changes made in the later opinion. *Page 755