The appellant, Henry Starks, was indicted for the capital offense of murder during a robbery, as defined in Ala. Code 1975, § 13A-5-40(a)(2). In 1989, the appellant was convicted and sentenced to death. That conviction and sentence were reversed on appeal due to erroneous jury instructions and other errors in the trial proceedings. Starks v. State, 594 So.2d 187
(Ala.Cr.App. 1991).
On April 6, 1992, pursuant to a plea bargain with the State, the appellant pleaded guilty to the capital offense with which he was charged. A jury was empaneled and the State presented the testimony of Troy Police Chief Grady Reeves and a stipulation of facts agreed to by it, the appellant, and the appellant's attorneys. The stipulation of facts and the testimony of Chief Reeves were sufficient to establish the appellant's guilt beyond a reasonable doubt, see Ala. Code 1975, § 13A-5-42, and the jury found the appellant guilty of the capital offense. The appellant waived jury participation in sentencing and was sentenced, on the recommendation of the State, to imprisonment for life without possibility of parole.
The appellant sent the trial judge a letter, dated May 11, 1992, accompanied by a pro se motion requesting that counsel be appointed for an appeal. C.R. 783, 784. Both the letter and the motion pointed out that the appellant had a limited time within which to file his notice of appeal. The record on appeal contains a copy of the pro se motion that bears the circuit court clerk's stamp showing that the motion was filed May 13, 1992. C.R. 788. However, the record also indicates that that copy of the motion was not actually placed in the case file until July 28, 1992. C.R. 787, 790. The record contains other copies of the appellant's letter to the trial judge[1] and the pro se motion that are stamped as having been filed July 6, 1992. C.R. 783, 784. The notice of appeal was filed July 7, 1992. On July 10, 1992, this Court dismissed the appeal "as untimely filed due to the notice [of appeal] being filed with the clerk of the trial court more than 42 days from the date of sentence." C.R. 786.
There is no explanation in the record for the discrepancies in the date of the appellant's letter and the dates on which the letter and the appellant's pro se motion were stamped as having been filed. However, all parties appear to agree that the untimely filing of the appellant's notice of appeal was due to no fault of the appellant.
On August 25, 1993, the appellant filed a petition for post-conviction relief pursuant to Rule 32, A.R.Crim.P. In his petition, the appellant alleged (1) that he had been unlawfully arrested and that evidence obtained pursuant to this unlawful arrest had been improperly admitted at trial; (2) that the foreman of the grand jury that returned the indictment against him had been improperly permitted to serve in that capacity because, according to the appellant, the foreman had "prior knowledge or access to prior knowledge of the surrounding charges"; (3) that he had been denied the effective assistance of counsel; and (4) that he had failed to appeal within the prescribed time and that that failure was without fault on his part. C.R. 825-27.
On September 2, 1993, the State filed a response, alleging (1) that the appellant's first two claims were precluded because they *Page 1216 
had been addressed at trial; (2) that the appellant's "petition [wa]s precluded by Rule 32.2(a)(5) as raising matters which could have been raised on appeal, if a proper appeal had been timely filed"; and (3) that the petition was "not meritorious upon examination of the allegations, the court file, including pleadings, motions and supporting documents, and is not sufficiently specific to warrant further proceedings." C.R. 835-36. Although arguing that these issues were precluded, the State in its response also addressed the merits of the appellant's claims of unlawful arrest, improper action by the grand jury foreman, and ineffective assistance of counsel. The response concluded with the statement that if the trial court should find that the appellant attempted to timely file his notice of appeal, "then the appropriate remedy would be for the trial court to grant the defendant an out-of-time appeal." C.R. 836.
A hearing was held on the appellant's Rule 32 petition on February 11, 1994. The prosecution indicated at this hearing that the appropriate remedy would be to grant the appellant an out-of-time appeal. R. 248. The only evidence introduced at the hearing related to the appellant's claim regarding the grand jury foreman. In an order dated February 11, 1994, the trial court granted the appellant an out-of-time appeal. C.R. 849-50.
 I
Although this appeal is designated as a direct appeal from the guilty plea conviction, the appellant's first issue relates to the trial court's ruling on the allegations in his Rule 32 petition other than his request for an out-of-time appeal. We observe that while Rule 32.1(f) provides that a claim of failure to appeal through no fault of the defendant is cognizable in a petition for post-conviction relief, it is not clear whether, if an out-of-time appeal is granted, the review of any other grounds contained in the petition must be the subject of a separate appeal. In the interests of judicial economy and in view of the fact that the State also requests us to do so, we will address this issue.
In the February 11 order granting the appellant an out-of-time appeal, the trial court also stated that "[a]ll parts of the [Rule 32 petition], except those specifically addressed below," were either matters that could have been, but were not, raised at trial or matters that could have been, but were not, raised on appeal and were precluded by Rule 32.2(a)(3) or Rule 32.2(a)(5), respectively. C.R. 848. The appellant contends that because he was attempting to obtain, but had not yet had, review by direct appeal, the trial court could not properly invoke Rule 32.2(a)(5) as a ground of preclusion. Under the particular circumstances of this case, we must agree. Where, as in this case, the trial court grants a defendant's request for an out-of-time appeal, it cannot then, either fairly or logically, find that the remaining allegations in the appellant's Rule 32 petition are precluded because those issues could have been, but were not, raised on appeal. Cf.Hughley v. State, 597 So.2d 764, 765 (Ala.Cr.App. 1992) (allegations in a Rule 32 petition cannot be precluded under both Rule 32.2(a)(4) and (a)(5), as "petitioner could not have both asserted and not asserted the same issue [on appeal]").
However, that did not actually occur in this case. As noted above, the trial court's order stated that "[a]ll parts of the [Rule 32 petition], except those specifically addressed below," were precluded by Rule 32.2(a)(5). C.R. 848 (emphasis added). In the order, the trial court specifically addressed the appellant's allegations that he had been unlawfully arrested, that the grand jury foreman had had prior knowledge of the charges against him, and that he had been denied the effective assistance of counsel. C.R. 848-49. Consequently, there were no
allegations in the petition that the trial court actually deemed to have been precluded by Rule 32.2(a)(5).
 II
The appellant asserts that the trial court failed to ascertain that he had been informed of his rightsbefore he signed the explanation of rights and plea of guilty, also *Page 1217 
known as the Ireland[2] form, and that, consequently, his guilty plea was not voluntarily entered.
The State initially argues that this issue is procedurally barred because the appellant failed to object at the time the plea was entered and did not file a motion to withdraw the plea or a motion for a new trial. We addressed this same contention in an unrelated opinion also released this date:
 "[A]s this Court observed in Tillery v. State, 647 So.2d 87 (Ala.Cr.App. 1994): '[T]he Alabama Supreme Court's holdings in Bennett v. State, 649 So.2d 214
(Ala. 1994); Ex parte Parish, 660 So.2d 231
(Ala. 1994); Cantu v. State, 660 So.2d 1026
(Ala. 1994); and Gordon v. Nagle, 647 So.2d 91
(Ala. 1994), have eliminated the preservation requirement as to certain guilty plea issues.' As we understand those four cases, an alleged error in the plea colloquy required by Rule 14.4, A.R.Crim.P., and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), 'goes to the voluntariness of th[e] plea and that [alleged] defect may be raised on direct appeal or in a collateral petition for post-conviction relief even though there was no contemporaneous objection [or timely post-plea motion raising the issue] in the trial court.'Parrish v. State, 663 So.2d 983, 984
(Ala.Cr.App. 1994). Consequently, we must address the merits of the appellant's claim."
Dubose v. State, 652 So.2d 340 (Ala.Cr.App. 1994) (footnote omitted).
The appellant's claim of error is predicated on the following language contained in Brewster v. State, 624 So.2d 217, 219
(Ala.Cr.App. 1993):
 "In Twyman v. State, 293 Ala. 75, 300 So.2d 124
(1974), the Alabama Supreme Court . . . held that a transcript of a Boykin colloquy was not required if
the record contained an 'Ireland' form signed by the defendant and there was other evidence . . . that the defendant had been informed of his rights before signing the form." (Emphasis in original.)
However, the last three words in this quotation are a misstatement of the law, which we now correct. NeitherTwyman nor Rule 14.4, A.R.Crim.P., which modifies Twyman by requiring a full colloquy even when an Ireland form is used, see Committee Comments to Rule 14.4, requires the trial court to ascertain that the defendant was informed of his rightsbefore signing the Ireland form. What is required is that the trial court ascertain that the defendant was advised of his rights before the plea is accepted. See Twyman, 293 Ala. at 78,300 So.2d at 127; Rule 14.4(a). See also H. Maddox, AlabamaRules of Criminal Procedure § 14.4 at 437-38 (1990). That requirement was clearly met in this case. The appellant does not raise any other challenges to the voluntariness of his plea.
 III
The appellant maintains that the trial court erred in denying his "extraordinary motion for a new trial."
That motion is contained in the record on appeal, C.R. 169, but was filed June 30, 1989, and obviously relates to the appellant's first trial. The denial of this motion was not even mentioned, and no issue relating to it was reserved for appeal, at the guilty plea proceeding. See generally Prim v. State,616 So.2d 381, 382-84 (Ala.Cr.App. 1993). Consequently, the issue is not cognizable in this appeal from the guilty plea conviction. Cf. Ex parte Cade, 521 So.2d 85, 88 (Ala. 1987) (where defendant is granted a new trial, "he is also guaranteed a new appeal that should be based solely on the facts and evidence presented in [the] second trial"), cert. denied, 488 U.S. 871,109 S.Ct. 184, 102 L.Ed.2d 153 (1988), quoted in Murry v. State,562 So.2d 1348, 1353 (Ala.Cr.App. 1988).
 IV
The appellant contends that he has newly discovered evidence that certain testimony at his trial was perjured and that this evidence entitles him to a new trial. To support this claim, he has attached to his *Page 1218 
brief an affidavit,[3] dated June 24, 1994, and purporting to be that of Timmy Adams, a codefendant who testified against the appellant at his first trial. See Starks v. State,594 So.2d 187, 189-90 (Ala.Cr.App. 1991). However, this affidavit was never presented to the trial court, is not a part of the record on appeal, and cannot be considered by this Court. Huff v.State, 596 So.2d 16, 19 (Ala.Cr.App. 1991). "An appellate court is 'bound by what appears in the record before [it],' " Ingramv. State, 629 So.2d 800, 804 (Ala.Cr.App. 1993), " 'and may not consider asserted facts which cannot be ascertained [from] the record,' " Bush v. State, 616 So.2d 394, 395 (Ala.Cr.App. 1993).
Moreover, Adams did not testify at the guilty plea proceedings. His statements to the police were recounted in the stipulation of facts agreed to by the appellant and his attorneys. C.R. 745-51. We note that two of those attorneys filed the extraordinary motion for a new trial discussed in Part III of this opinion. Attached to that motion was an affidavit of Timmy Adams dated June 29, 1989, stating that his "testimony at [the appellant's first] trial was substantially false." C.R. 171.
Even if this issue was properly before us, it is clear that the appellant could not meet at least one of the requirements of Ex parte Frazier, 562 So.2d 560, 570 (Ala. 1989). In Frazier, the Alabama Supreme Court adopted the following standard for cases in which the death penalty has not been imposed:
 "In order to grant a motion for new trial alleging perjured testimony, the trial court must be reasonably well satisfied 1) that testimony given by a witness at trial was false; 2) that there is a significant chance that had the jury heard the truth, it would have reached a different result; 3) that the evidence tending to prove the witness's perjury has been discovered since the trial; and 4) that that evidence could not have been discovered before or during trial by the exercise of due diligence."
562 So.2d at 569-70. Adams' alleged perjury was obviously known to the appellant long before the guilty plea proceedings, and the stipulation of facts could have reflected this knowledge. The appellant's assertion that the affidavit attached to his brief filed in this appeal "was not executed until 24 June, 1994, thus precluding it from being discoverable prior to this time," Appellant's brief at 12, is obviously untenable.
For the reasons stated above, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] We note that one copy of the letter was notarized and that the following statement appears above the notary's signature: "Sworn to and subscribed before me this 26 day of June 1992." C.R. 783.
[2] Ireland v. State, 47 Ala. App. 65, 250 So.2d 602 (1971).
[3] Actually, the affidavit was not attached to the appellant's brief, but was filed with this Court on November 16, 1994. The letter accompanying the affidavit indicated that it had been inadvertently omitted from the brief.