The appellant, Curtis Pearson, pled guilty to unlawful distribution of a controlled substance (cocaine), a violation of § 13A-12-211, Ala. Code 1975, and trafficking in cocaine, a violation of § 13A-12-231(2), Ala. Code 1975. The trial court sentenced him to serve concurrent terms of six years in prison on the unlawful distribution conviction and sixteen years in prison on the trafficking conviction. It also enhanced his sentence on the unlawful distribution conviction by five years because the sale occurred within three miles of a school and an additional five years because the sale occurred within three miles of a public housing project. See §§ 13A-12-250 and 13A-12-270, Ala. Code 1975. In addition, the trial court imposed a $50,000 fine on the trafficking conviction, pursuant to § 13A-12-231(2)a., Ala. Code 1975, and $1,000 Demand Reduction Assessment Act fines on both convictions, pursuant to *Page 449 
§ 13A-12-281, Ala. Code 1975. The appellant filed a motion to withdraw his guilty plea, which the trial court denied after conducting a hearing. This appeal followed.
 I.
The appellant argues that the trial court improperly enhanced his sentence on the unlawful distribution conviction pursuant to §§13A-12-250 and 13A-12-270, Ala. Code 1975. Specifically, he contends that the State did not present sufficient evidence to prove that the sale occurred within three miles of a school and within three miles of a public housing project. However, because he pled guilty and did not challenge the State's proof as to the application of the enhancements, this issue is not properly before this court. See United States v.Walker, 228 F.3d 1276, 1278 n. 1 (11th Cir. 2000); Parrish v. State,663 So.2d 983 (Ala.Crim.App. 1994).
 II.
Citing Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215,143 L.Ed.2d 311 (1999), the appellant also argues that, because the indictment did not allege that the sale occurred within three miles of a school and within three miles of a public housing project, this court should set aside the schoolyard and public housing project enhancement portions of his unlawful distribution sentence. However, he raises this argument for the first time on appeal. Therefore, it is not properly before this court. See United States v. Nealy, 232 F.3d 825, 830-31 (11th Cir. 2000). Furthermore, because the application of the enhancements did not increase the appellant's sentence beyond the statutory maximum for unlawful distribution of a controlled substance, any error was harmless, and the Supreme Court's decisions in Jones and Apprendi v. New Jersey,530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), do not require that the enhancement portions of the sentence be set aside. See United Statesv. Shepard, 235 F.3d 1295 (11th Cir. 2000); United States v. Gerrow,232 F.3d 831 (11th Cir. 2000).
 III.
Finally, the appellant argues that the trial court should have allowed him to withdraw his guilty pleas because he allegedly did not understand the possible range of punishment and the actual sentence imposed for each offense. However, the record of the guilty plea proceedings shows that the trial court thoroughly explained the possible range of punishment for each offense, including the difference between consecutive and concurrent sentences, the enhancements that might apply, and the fines that might be imposed. In addition, the appellant signed "Explanation of Rights and Plea of Guilty" forms that clearly indicated the possible range of punishment for each offense. Finally, the trial court fully explained the sentences, including enhancements and fines, it imposed in each case. Therefore, the trial court did not abuse its discretion in denying the appellant's motion to withdraw his guilty pleas. See Palmer v. State,745 So.2d 920 (Ala.Crim.App. 1999).
For the above-stated reasons, we affirm the trial court's judgment.
AFFIRMED.
McMillan, P.J., and Wise, J., concur; Shaw, J., concurs in the result, with opinion, which Cobb, J., joins.