McMILLAN, Presiding Judge.
The appellant, Michael Ray Patterson, filed a Rule 32, Ala. R.Crim. P., petition, attacking his guilty-plea conviction for first-degree burglary and his sentence of 10 years’ imprisonment. He did not appeal his conviction.
In his petition, Patterson argued that his guilty plea was not knowingly and voluntarily entered and that he was denied the effective assistance of trial counsel. He predicated these two claims primarily on his allegation that trial counsel erroneously advised him that he would be eligible to earn incentive good time (“IGT”) credit if he pleaded guilty to this offense. Also, he argued that because he was not advised that he would be ineligible to receive IGT credits while he was incarcerated, he was not made aware of the minimum and maximum possible sentence. Finally, he claimed that he was not armed with a weapon at the time he committed the theft. Therefore, he argued, he was entitled to be charged with the lesser-included offense of third-degree burglary, but neither his attorney nor the trial court advised him of this right.[1] Without requiring a response from the State, the trial court summarily denied Patterson’s petition.
The trial court’s order of dismissal stated, in part:
“The defendant first alleges that the Constitution of the United States or of the State of Alabama requires a new trial or a new sentencing proceeding because the conviction was obtained by a plea of guilt which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and the consequences of the plea. The defendant argues in support of this complaint that the plea was involuntarily entered because he was not informed of the correct minimum and maximum sentence he could receive in that he was not informed that he would not earn good-time credit while in the Department of Corrections. The defendant does not allege that the range of punishment for the offense of burglary in the first degree was not known to him at the time he entered his plea. The defendant does allege that his counsel was ineffective in not advising him that he would not receive good-time credit on his sentence.
“The defendant has failed to meet his burden of proof as to the ineffective assistance of counsel claim which burden is set forth in Strickland v. Washington, 466 U.S. 668, (1984), et al. Ineffective assistance of counsel involving the plea colloquy will not affect the voluntariness *1210 of the plea. Dubose v. State, [652 So.2d 340] (Ala.Crim.App.1994).
“After a full and fair consideration of all of the claims of the defendant this Court finds that the defendant was correctly advised of the proper range of punishment and fines as required by law and any and all of his complaints premised upon these claims are denied. An internal rule of the Alabama Department of Corrections as to the application of good-time credit on an inmate’s sentence is not a material part of the applicable range of punishment provided by law.
“The Court further finds that the defendant fails to set forth sufficient facts to support a claim for ineffective assistance of counsel. The defendant executed Court’s Exhibit ‘A’ and acknowledged to the Court that he fully understood his rights, the applicable range of punishment and fines and the consequences of his plea as well as his right to appeal. The defendant also acknowledged at the time of his plea that he was not coerced into entering his plea and this Court found specifically that the defendant’s plea was knowingly, intelligently and voluntarily entered. The defendant cannot now take a position inconsistent with the position he maintained in open court.”
As the State correctly notes in its brief on appeal, counsel’s failure to advise a defendant that he was “not” eligible to earn IGT credit while he was incarcerated does not constitute ineffective assistance of counsel nor does it render a guilty plea involuntary. Fearson v. State, 662 So.2d 1225 (Ala.Crim.App.1995). Moreover, the Court found that Patterson was advised of the correct sentencing range for the crime of first-degree burglary before he entered his guilty plea. Accordingly, he is not entitled to relief on his claim that his guilty plea was not knowingly and voluntarily entered.
However, Patterson contends that trial counsel told him that he would receive IGT credit if he pleaded guilty to this offense. It is unclear from the record whether counsel did in fact so misinform Patterson regarding his eligibility for IGT credit. This Court must remand this matter to the circuit court for a determination as to this issue, and the State has requested that we do so.
Therefore, this case is remanded to the Jefferson Circuit Court with directions for that court to conduct an evidentiary hearing if necessary and to make specific findings of fact as to Patterson’s claim that trial counsel erroneously advised him that he would receive IGT credit if he was convicted of first-degree burglary. The trial court shall make due return to this Court within 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. On appeal, Patterson abandons his claim that he should have been allowed to plead guilty to the lesser offense of third-degree burglary. Therefore, this Court need not address this issue. Brownlee v. State, 666 So.2d 91 (Ala.Crim.App.1995).

 Note from the reporter of decisions: On November 21, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.