SHAW, Judge,
concurring in the result.
I continue to disagree with the harmless-error analysis approved in Part II of the opinion in Pearson v. State, 794 So.2d 448 (Ala.Crim.App.2001). I cannot agree that a defendant suffers no substantial prejudice from an illegal mandatory sentence, even when the sentence imposed does not exceed the statutory maximum. See my special writing in Poole v. State, 846 So.2d 370, 397-98 (Ala.Crim.App.2001). Nevertheless, it does appear to me that the absence of a “complete verdict” in this case is subject to the constitutional harm *327 less-error analysis set out in Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). Therefore, based on my examination of the record, and relying on the rationale of Neder and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), I conclude that the trial court’s failure to instruct the jury on the statutory sentence enhancements was harmless beyond a reasonable doubt. Accordingly, I concur in the result only.